(154 P.3d 545)
No. 94,117

Douglas R. King, *Appellant,* v. State of Kansas, *Appellee.*

Opinion filed March 30, 2007.

*Martin J. Peck*, of Hyndman & Peck, L.L.P., of Wellington, for appellant.

*Kassie L. McEntire*, county attorney, *Shawn R. DeJarnett*, former county attorney, and *Phill Kline*, attorney general, for appellee.

Before GREEN, P.J., ELLIOTT and MALONE, JJ.

GREEN, J.: Douglas King appeals from the trial court's judgment denying his K.S.A. 60-1507 motion. First, King argues that his attorney on direct appeal was ineffective for failing to timely file his appellate brief, resulting in dismissal of his appeal. We agree. Because King's counsel's untimely filing of the brief fell below an objective standard of reasonableness and because such performance was highly prejudicial as it foreclosed King's right to a direct appeal of his sentence, we determine that King is entitled to file a direct appeal of his sentence out of time. We affirm on all other issues. Accordingly, we affirm in part, reverse in part, and remand with directions to allow King to file a direct appeal of his sentence out of time.

In October 1995, King pled no contest to second-degree murder in violation of K.S.A. 21-3402. The parties inform this court that the trial court, on its own motion, imposed an upward durational departure sentence of 206 months in prison. This sentence was double the high end of the guidelines sentence of 103 months in prison.

King filed a notice of appeal and docketing statement with this court. Counsel was appointed to represent King. This court granted several extensions for King to file his brief. Nevertheless, this court denied King's sixth motion to extend the time to file his brief and dismissed the appeal. Several days later, King moved to reinstate the appeal and submitted a brief to this court. This court, however, denied King's motion to reinstate the appeal and returned King's brief to the appellate defender's office. King petitioned our Supreme Court for review, but his petition was denied.

In July 2003, King moved for relief under K.S.A. 60-1507 as a pro se litigant. King alleged that his appellate counsel was ineffective for failing to timely file his appellate brief, resulting in dismissal of his appeal. Moreover, King argued that his appellate counsel, in the untimely brief, did not present the issues in his case that had merit. In addition, King alleged that his trial counsel was ineffective on numerous grounds and that the trial court had violated his constitutional rights by initially refusing to appoint counsel in his crim-

inal case, by failing to dismiss the charges based on a speedy trial violation, by imposing an illegal sentence, and by imposing an upward durational departure sentence.

The trial court appointed counsel to represent King on his K.S.A. 60-1507 motion. The trial court held a nonevidentiary hearing and heard arguments from both parties' attorneys. King was present at the hearing. In two written memorandum decisions, the trial court denied relief to King on all of the issues raised in his K.S.A. 60-1507 motion. Concerning King's argument that his appellate counsel was ineffective in failing to timely file a brief, the trial court noted that the State conceded that appellate counsel's performance was deficient and fell below an objective standard of reasonableness. Nevertheless, the trial court determined that King had not been prejudiced by the dismissal of his appeal.

*Failure to Timely File Appellate Brief on Direct Appeal*

First, King argues that his attorney on direct appeal was ineffective for failing to timely file his appellate brief, resulting in dismissal of his appeal. A claim alleging ineffective assistance of counsel presents mixed questions of fact and law requiring de novo review. *State v. Mathis*, 281 Kan. 99, 110, 130 P.3d 14 (2006).

In *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh. denied* 467 U.S. 1267 (1984), the United States Supreme Court held that a criminal defendant has a right to "reasonably effective" assistance of counsel. The *Strickland* Court developed a two-prong test for evaluating an ineffective assistance of counsel claim. Under *Strickland*, a defendant must show: (1) that counsel's performance "fell below an objective standard of reasonableness," 466 U.S. at 668, and (2) that counsel's deficient performance prejudiced the defense, 466 U.S. at 694. See *State v. Orr*, 262 Kan. 312, Syl. ¶ 1, 940 P.2d 42 (1997).

In this case, the State does not challenge that King had a right to effective assistance of counsel on direct appeal of his sentence. Both parties seem to implicitly concede that King had a right to effective assistance of counsel. In *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), the United States Supreme Court applied the *Strickland* ineffective assistance

of counsel test to a situation where the defendant's attorney had failed to file a notice of appeal and thus had denied the defendant his right to appeal. Here, similar to *Flores-Ortega*, the failure of King's counsel to timely file a brief effectively denied King the right to a direct appeal of his sentence. Consequently, the ineffective assistance of counsel test can be applied to the present case.

## Defective Performance

The State concedes that the first prong of the *Strickland* test has been met: that King's counsel untimely filing of the brief fell below an objective standard of reasonableness. Nevertheless, the State maintains that King has not met the prejudice prong of the ineffective assistance of counsel test. On the other hand, King argues that under the facts of this case, prejudice must be presumed, and no separate showing of prejudice is required.

## Prejudice

Under certain circumstances, prejudice is presumed, and no specific showing of prejudice is required. See *Flores-Ortega*, 528 U.S. at 483. Recognizing that no specific showing of prejudice is required when a defendant is denied the assistance of counsel at a critical stage of the proceedings, the United States Supreme Court in *Flores-Ortega* stated:

" 'The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage.' [Citation omitted.] The same is true on appeal. [Citation omitted.] Under such circumstances, '[n]o showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.' [Citations omitted.]" 528 U.S. at 483.

Moreover, the *Flores-Ortega* Court held that "[t]he even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." 528 U.S. at 483. The Court stated that it could not "accord any ' "presumption of reliability," ' [citation omitted], to judicial proceedings that never took place." 528 U.S. at 483.

In the instant case, the failure by King's attorney to timely file an appellate brief denied King the direct appeal of his departure

sentence. Under K.S.A. 21-4721(a), King had the right to appeal his departure sentence. K.S.A. 21-4721(a) states: "A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court." It is apparent that King wanted to appeal his sentence because a notice of appeal and docketing statement were filed. Moreover, the attempted filing of the untimely brief indicates that King never told his attorney that he wished to abandon his appeal. Nevertheless, due to appellate counsel's performance, King was altogether denied his right to a direct appeal of his sentence. Once "a defendant is denied assistance of counsel at a critical stage of the proceedings," which includes a right to an appeal, the defendant need not show prejudice to obtain relief. 528 U.S. at 483. Because the deficient performance by King's appellate counsel denied King a direct appeal of his sentence, which King wanted and to which King had a right under K.S.A. 21-4721(a), prejudice to King is presumed.

*State's Invitation*

As stated earlier, the State concedes that King's counsel's untimely filing of the brief fell below an objective standard of reasonableness. Nevertheless, the State invites us to do a *Strickland* prejudice analysis "based on the briefs prepared and submitted unsuccessfully" to this court. The State then proceeds to analyze and dispose of each issue raised in the brief submitted by King but never accepted by this court. The trial court was persuaded by the State's argument and determined that it could conduct a prejudice analysis based on the issues raised in King's untimely brief.

Nevertheless, in attempting to show that the arguments raised in the untimely brief were meritless, the State is asking us to assume that the brief was prepared by competent counsel. On the contrary, we have previously determined and the State has conceded that appellate counsel was ineffective in prosecuting King's appeal. In its memorandum, the trial judge asked, "[H]ow can you trust that the same attorney who could not get a brief filed on time would have made a diligent effort to discover and to develop the most appropriate issues and arguments to assert on appeal[?]" The

answer to this question can be quickly summed up: You cannot. Consequently, this court declines the State's invitation to take up the *Strickland* prejudice analysis based on a brief that was never accepted by this court.

Moreover, in *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004), our Supreme Court held that the failure by appointed counsel representing Brown in his K.S.A. 60-1507 proceeding to timely notify Brown of the denial of his K.S.A. 60-1507 motion and of his right to appeal resulted in a denial of his statutory right to competent counsel. Our Supreme Court determined that Brown was entitled to file a notice of appeal of the original K.S.A. 60-1507 motion out of time. In making this determination, our Supreme Court declined the State's invitation to review the trial court's factual and legal bases for its denial of Brown's original K.S.A. 60-1507 motion. Later, in *Campbell v. State*, 34 Kan. App. 2d 8, 13, 114 P.3d 162 (2005), this court stated: "We view the ineffectiveness in *Brown* as highly prejudicial as it is extraordinary because, unless remedied, it foreclosed a right to appeal." Similarly, in this case, the ineffectiveness by King's counsel was highly prejudicial as it foreclosed King's right to a direct appeal of his sentence. As a result, King is entitled to file his direct appeal out of time.

Because King is entitled to file a direct appeal out of time, we find it unnecessary to address any other issues concerning King's sentence. Thus, we express no opinion as to the possible success of King's direct appeal of his sentence.

Moreover, we decline to address King's argument concerning his trial counsel's failure to raise a double jeopardy defense because King has not provided this court with an adequate record to review his claim. See *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 777, 27 P.3d 1 (2001) ("An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails."). All remaining issues have been abandoned by King. See *State v. Seck*, 274 Kan. 961, 965, 58 P.3d 730 (2002) (appellant abandoned issues raised on appeal where he failed to provide legal authority or argument supporting contentions); *Enlow v. Sears, Roebuck & Co.*, 249 Kan. 732, 744, 822 P.2d 617 (1991) (refusing to address issue

where appellant failed to specify error or cite legal authority supporting argument in brief).

In summary, we reverse on the issue concerning appellate counsel's failure to timely file an appellate brief and remand to the trial court with directions to allow the direct appeal of King's sentence to be filed out of time. We affirm on all other issues.

Affirmed in part, reversed in part, and remanded with directions.