NOT DESIGNATED FOR PUBLICATION

No. 120,869

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS A. KLING,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Marshall District Court; JOHN L. WEINGART, judge. Opinion filed January 31, 2020. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Laura E. Johnson-McNish*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.


PER CURIAM: The Marshall County District Court denied Douglas A. Kling's habeas corpus motion when the lawyer appointed to represent Kling agreed to that disposition, apparently without Kling's consent. After Kling objected to the denial of his motion, the district court entered another order finding the motion to be without merit. Under the circumstances, we hold the district court acted improvidently in light of the disagreement between Kling and his lawyer. We, therefore, reverse and remand to the district court with directions to reinstate the habeas corpus motion, to appoint a new lawyer for Kling, and to set the matter for either another preliminary hearing or a full evidentiary hearing.

1

A jury convicted Kling of attempted first-degree murder and a slew of other felonies arising out of a single violent episode directed at his wife. The district court imposed a controlling prison sentence of 430 months on him. Kling appealed, and this court affirmed the verdicts and the judgment. *State v. Kling*, No. 105,896, 2012 WL 5869562, at *1 (Kan. App. 2012) (unpublished opinion). Kling represented himself during the trial and the appeal in the direct criminal case.

After the Kansas Supreme Court denied a petition for review, Kling timely filed a motion for habeas corpus relief under K.S.A. 60-1507 in July 2014. Kling drafted the motion, and it presents multiple issues, many of which were or could have been raised in the direct appeal. A little more than a month after the motion was filed, the district court appointed Richard Lake to represent Kling, replacing the lawyer originally appointed. Lake requested a number of continuances. The record on appeal reflects no substantive action on the 60-1507 motion through the end of 2016.

In early January 2017, Kling drafted and filed with the district court what he titled a "Request for Case Status." In the filing, Kling stated that Lake informed him by letter in November 2016 that the district court had "terminated" the proceedings, so Lake was "no longer on the case." Kling further stated he had received no notification of any ruling on his 60-1507 motion and if an order had been entered, he had been deprived of an appeal. As we have indicated, the record includes no dispositive order on the motion through January 2017.

In a letter to the district court dated January 24, 2017, and filed in the case on February 2, Lake stated he and Kling "had narrowed" the 60-1507 motion to a single point—that isn't identified—and Kling never provided any evidence supporting that claim. According to Lake, he advised Kling "his case was dismissed because there was no justiciable issue remaining." The letter indicates Lake sent a copy to Kling.

2

On February 13, 2017, the district court filed an order denying Kling's 60-1507 motion. The order bears the electronic signatures of the prosecutor and Lake as approving the order. The order recites that a hearing had been held on an unspecified date earlier in February at which the lawyers appeared. The order refers to Lake's January 24 letter and the revision of the motion to a single issue. Without identifying the issue, the order states Lake had "no evidence to present on the issue at the hearing." According to the order, the prosecutor then announced that "the parties jointly request that this matter be dismissed." Based on that representation, the district entered the order denying the motion.

On February 24, Kling served a motion he had drafted asking the district court to reconsider the order of dismissal. In the motion for reconsideration, Kling contends he never agreed to drop all but one of the issues in his 60-1507 motion and did not consent to an agreed-upon dismissal of the motion. He also accuses Lake of a lack of diligence in representing him.

About six months later, the district court filed a memorandum decision denying Kling's motion for reconsideration and finding the 60-1507 motion to be without merit, since the asserted claims were repetitive of the issues raised in the direct appeal. The district court's decision notes that motions for reconsideration typically are confined to pointing out material factual or legal errors in an earlier ruling and are not devices for rehashing arguments already made and rejected. The decision doesn't identify the issues Kling raised in his 60-1507 motion that had been or could have been asserted in the direct appeal. The district court relies on a blanket characterization of the entire motion as impermissibly repetitive.

Kling filed a timely notice of appeal, and this court granted him permission to docket the appeal late.

3

In reviewing this appeal, we start with an indisputable premise: The handling of Kling's 60-1507 motion in the district court was, to put it charitably, unorthodox. Based on the appellate record, that unorthodoxy has left Kling without a fair determination of his claims.

When a district court receives a 60-1507 motion, it essentially has three options. The district court can summarily dismiss the motion after reviewing it and the contents of the case file. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014); *Bellamy v. State*, 285 Kan. 346, 353-54, 172 P.3d 10 (2007). The motion should be dismissed without a hearing only if the allegations and the case records "conclusively show that the prisoner is entitled to no relief." K.S.A. 60-1507(b); Supreme Court Rule 183(f) (2019 Kan. Ct. R. Annot. 228). Otherwise, the district court has two choices after appointing a lawyer for an unrepresented movant. It can conduct a preliminary hearing during which the prosecutor and lawyer for the defendant present legal argument and otherwise address whether the circumstances call for a full evidentiary hearing. The district court may receive a limited amount of evidence at a preliminary hearing. *Bellamy*, 285 Kan. at 354. Finally, the district court can dispense with a preliminary hearing and hold a full evidentiary hearing. See *Sola-Morales*, 300 Kan. at 881.

The district court ostensibly held a hearing with the lawyers in this case in February 2017 when the prosecutor asked that Kling's motion be dismissed by agreement—a request Lake at least tacitly joined. That's not exactly a preliminary hearing in the sense contemplated in the caselaw. A preliminary hearing would identify issues, possible evidence, and the need for a full evidentiary hearing. The argument and any limited evidence could lead the district court to deny relief. Here, the record at least suggests no hearing actually happened. There is no transcript, and the record of activity in the district court shows no hearing between the receipt of Kling's Request for Case Status and the February 13 dismissal order. The recitation of appearances of the prosecutor and Lake before the district court contained in the order may well be nothing more than

4

boilerplate—an unfortunate carryover of bygone days when phantom hearings were routinely set forth in agreed-upon journal entries as if they actually happened, confounding efforts to reconstruct accurate case histories. Court records generally should be free of such things. In any event, the district court did not take testimony or receive other evidence at the hearing or otherwise, so we may exercise unlimited review of the ruling denying Kling relief. See *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014); *Sola-Morales*, 300 Kan. at 881.

Where, as here, the district court has appointed a lawyer to represent an inmate pursuing habeas corpus relief under K.S.A. 60-1507, that lawyer cannot agree to a denial of the motion without the consent of his or her client. See *Campbell v. State*, 34 Kan. App. 2d 8, 13, 114 P.3d 162 (2005) (appointed lawyer's advocacy against client's 60-1507 motion falls below "'the most minimal of standards'" for representation in those proceedings); *Stanton v. State*, No. 97,568, 2008 WL 1847667, at *2 (Kan. App. 2008) (unpublished opinion) (without consent of client to drop 60-1507 motion, lawyer must either withdraw as appointed counsel or "argue[] in support of the merits of the motion"). The record, as it stands, reflects Lake acted without Kling's approval and, indeed, contrary to his wishes in joining in the request to the district court to deny the motion.

Under the circumstances, the district court should not have denied Kling's 60-1507 motion in February 2017. After Kling objected and requested reconsideration, the district court could not have papered over the error and Lake's apparent disregard of his client's wishes with a review of the motion itself. The district court should have reset the proceedings by appointing a new lawyer for Kling and then convening a preliminary hearing.

We, therefore, reverse and remand with directions that the district court appoint a new lawyer for Kling and with reasonable dispatch schedule either a preliminary hearing or a full evidentiary hearing.