(114 P.3d 162)
No. 91,206

MICHAEL CAMPBELL, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed June 17, 2005.

*Stephen B. Chapman*, of Chapman and White, LLC, of Olathe, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before JOHNSON, P.J., ELLIOTT and BUSER, JJ.

BUSER, J.: Michael Campbell appeals the district court's denial of his K.S.A. 60-1507 motion. Campbell contends that counsel appointed for the nonevidentiary hearing was ineffective, and that the district court improperly denied him an evidentiary hearing and failed to provide findings of fact and conclusions of law as required by Supreme Court Rule 183(j) (2004 Kan. Ct. R. Annot. 221). We affirm in part, reverse in part, and remand with directions for further proceedings consistent with this opinion.

## Procedural Background

In December 1997, Campbell was charged with the first-degree murder of Sharon Schmid. At trial, the State presented a case supported by circumstantial evidence, and the jury ultimately convicted Campbell of the charged offense. See *State v. Campbell*, 268 Kan. 529, 997 P.2d 726, *cert. denied* 531 U.S. 832 (2000). Campbell appealed his conviction to the Kansas Supreme Court, arguing that the trial court abused its discretion in denying his challenge to the State's use of peremptory strikes against African-American jurors in violation of *Batson v. Kentucky*, 476 U.S. 79,

90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), that testimony by the victim's sister violated pretrial rulings and prejudiced Campbell, and that prosecutorial misconduct adversely influenced the jury's verdict. The Supreme Court affirmed Campbell's conviction.

In October 2001, Campbell filed a motion pursuant to K.S.A. 60-1507 raising numerous allegations of error. The district court appointed counsel and, in March 2002, held a nonevidentiary hearing, without Campbell's presence, to determine the merits of the motion. At this hearing, Campbell's court-appointed counsel stated there was no basis for further proceedings and argued that Campbell's trial counsel was effective. The district court denied Campbell's motion and he appeals.

Ineffective Assistance of Counsel at K.S.A. 60-1507 Hearing

Campbell claims a denial of due process because his court-appointed counsel "actively advocated against Mr. Campbell's case" at the preliminary K.S.A. 60-1507 hearing. During the hearing, Campbell's counsel advised the court she had thoroughly reviewed the underlying criminal case file, transcripts, appellate file, and the Kansas Supreme Court opinion affirming Campbell's murder conviction. Additionally, she reported having spoken with Campbell's trial attorney. Based upon this review, counsel concluded:

"Although it would not please Mr. Campbell, I would have to state to the Court that based on my review of that, my experience of almost 15 years as a criminal defense attorney and a prosecutor, I do not find any basis to proceed. I think the file and the information that's presented to the Court speaks for itself. I think the Court would find upon reviewing all the information that I find Ms. Roe was not ineffective nor was the Appellate Defender's Office ineffective."

With regard to Campbell's ineffective assistance of trial counsel claim, his K.S.A. 60-1507 counsel also argued, "I don't think there would have been a different outcome in the matter." Campbell's counsel noted that Campbell was "very vague on the information he wants presented . . . even if they [sic] had additional information." Campbell's counsel praised the performance of Campbell's trial counsel by noting that she had done "a lot of extra work on his behalf." Counsel concluded her argument at the 60-1507 hearing by observing, "But, I — everything I see shows that she

[trial counsel] was very effective, Your Honor, and prepared a wonderful record for the man." At the conclusion of counsel's argument, the prosecutor began his response, "Judge, I don't know that I need to say a whole lot."

On appeal, Campbell argues in his brief that his K.S.A. 60-1507 counsel's ineffectiveness violated the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. During oral argument, however, Campbell's counsel conceded that Kansas law does not recognize a constitutional right to effective K.S.A. 60-1507 counsel. We agree. Kansas law is well settled that a K.S.A. 60-1507 proceeding is a civil action for which there is no constitutional right to effective assistance of counsel. See *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004).

Campbell's counsel properly noted, however, that following the filing of briefs in this case, the Supreme Court determined that Kansas law providing a *statutory* right to counsel requires in certain circumstances that counsel be effective for indigents in K.S.A. 60-1507 proceedings. *Brown*, 278 Kan. at 483. In *Brown*, an indigent inmate filed a K.S.A. 60-1507 motion. Counsel was appointed by the court, a nonevidentiary hearing was held, and the district court denied relief. Subsequently, court-appointed counsel failed to advise Brown of this adverse ruling or his right to appeal. Over 2 years after the court's denial of Brown's motion, Brown learned of this adverse judgment. Motions to file an appeal out of time were then filed by Brown and his counsel. The district court denied relief, citing *Robinson v. State*, 13 Kan. App. 2d 244, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989).

In *Robinson*, the Court of Appeals held that a movant's Fourteenth Amendment due process rights were not violated when an appeal from the dismissal of his K.S.A. 60-1507 motion was dismissed due to his counsel's failure to timely file the appeal. *Robinson*, 13 Kan. App. 2d at 249. The rationale employed by the court was that since Robinson had no constitutional right to counsel he could not "save his untimely appeal from the dismissal of his 1507 motion by claiming ineffective assistance of counsel." *Robinson*, 13 Kan. App. 2d at 249-50.

The Supreme Court in *Brown*, however, overruled the district court and allowed Brown's appeal to be filed out of time. In specifically overruling *Robinson* and its progeny, the Supreme Court held: "When counsel is appointed by the court in post-conviction matters, the appointment should not be a useless formality." *Brown*, 278 Kan. at 484. The Court found that court-appointed counsel's 2-year delay in notifying his client of the adverse ruling and his client's right to appeal "cannot even meet the most minimal of standards." *Brown*, 278 Kan. at 484.

Our Supreme Court has never held that the statutory right enunciated in *Brown* is applicable to factual situations other than when court-appointed counsel waits for 2 years to notify a client of a denial of his or her K.S.A. 60-1507 motion and the right to appeal that adverse decision. The present case, however, shares important similarities with *Brown* that clearly suggest the appropriateness of applying the *Brown* precedent to the case at bar.

First, both cases involve counsel appointed under K.S.A. 2000 Supp. 22-4506(b) "to assist" indigent defendants seeking redress pursuant to K.S.A. 60-1507 after a judicial finding that the motion presents "substantial questions of law or triable issues of fact." K.S.A. 2000 Supp. 22-4506(b). The statute's noteworthy language that "the court shall appoint counsel" in these circumstances is not optional, but mandatory.

Second, both cases involve egregious conduct that "cannot even meet the most minimal of standards" for court-appointed counsel. *Brown*, 278 Kan. at 484. In *Brown*, counsel's 2-year delay in advising his incarcerated client that the K.S.A. 60-1507 motion was denied and that the law provided him important appeal rights was a flagrant omission of counsel's statutory responsibilities.

In the present case, counsel's argument at the hearing consisted of a strong refutation of her client's claims. In particular, with regard to Campbell's claim that his trial counsel was ineffective, counsel advised the court that her review of the record revealed "Ms. Roe [trial counsel] was not ineffective nor was the Appellate Defender's office ineffective." Having disparaged the evidence regarding the performance prong of Campbell's *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984),

claim, counsel proceeded to undermine the prejudice prong of her client's claim by opining, "I don't think there would have been a different outcome in the matter." Campbell's counsel praised his trial attorney and argued against an evidentiary hearing because Campbell "was very vague on the information he wants presented." Campbell's counsel left no doubt as to her opinion that Campbell's motion was without merit: "Although it would not please Mr. Campbell, I would have to state to the Court that based on my review . . . [and] my experience of almost 15 years as a criminal defense attorney and a prosecutor, I do not find any basis to proceed." The argument by Campbell's counsel was detailed, forceful, and effective. Unfortunately for Mr. Campbell, his attorney's advocacy was nothing less than a denunciation of his motion seeking habeas corpus relief.

As set forth in detail below, our review of the record reveals certain legal issues which appear to warrant an evidentiary hearing and consideration by the trial court. The failure of Campbell's counsel to identify and argue for these legal issues may have been ineffective. We are not persuaded, however, that this particular aspect of Campbell's counsel's representation "cannot meet the most minimal of standards" required of counsel appointed pursuant to K.S.A. 2000 Supp. 22-4506(b). Rather, our sole concern, based upon a review of the hearing transcript, is that Campbell's court-appointed counsel advocated against her client's motion, which essentially mandated an adverse decision from the district court. It is this specific conduct—court-appointed counsel's advocacy against her client's K.S.A. 60-1507 motion—that we find "cannot even meet the most minimal of standards" of K.S.A. 2000 Supp. 22-4506(b) that counsel "assist" her indigent client. *Brown,* 278 Kan. at 484.

Finally, we understand the Supreme Court's enunciation of a statutory right to effective counsel in K.S.A. 60-1507 proceedings in *Brown* was extended to an egregious instance of ineffectiveness of counsel that resulted in a highly prejudicial outcome. We view the ineffectiveness in *Brown* as highly prejudicial as it is extraordinary because, unless remedied, it foreclosed a right to appeal. Similarly, in the case before us, court-appointed counsel's advocacy

against her client's K.S.A. 60-1507 motion seriously prejudiced Campbell's legal position and, in essence, compelled the district court's adverse judgment. As a result, we believe the Supreme Court precedent enunciated in *Brown* is applicable to Campbell's unique factual situation.

Because we find court-appointed counsel's advocacy against her client's K.S.A. 60-1507 motion to be both egregiously ineffective and highly prejudicial, we find that Campbell's statutory right to court-appointed counsel, as provided by K.S.A. 2000 Supp. 22-4506(b) and as interpreted by *Brown*, was violated. As set forth in the second part of this opinion, given our finding that certain issues contained in Campbell's motion require an evidentiary hearing, upon remand the district court is directed to appoint new counsel to represent Campbell in this proceeding.

### Failure to Grant K.S.A. 60-1507(b) Evidentiary Hearing

Appellant contends the district court abused its discretion by failing to grant Campbell an evidentiary hearing. In part, we agree.

K.S.A. 60-1507(b) requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Kansas Supreme Court Rule 183(h) elaborates on this statute by requiring an evidentiary hearing, with the presence of the prisoner, in cases where "there are substantial issues of fact as to events in which he participated." 2004 Kan. Ct. R. Annot. 222.

In *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000), our Supreme Court provided a roadmap with "three avenues of approach for the district court faced with a K.S.A. 60-1507 motion." In the case of the third avenue:

"[T]he court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the petitioner. If the issue or issues are substantial, involving events in which the petitioner participated, the court must proceed with a hearing involving the presence of the petitioner." 270 Kan. at 170-71.

In the present case, the district court apparently determined that potentially substantial issues of fact were raised by the motion since he appointed counsel and held a preliminary hearing. Unfortunately, given the failure of the district court to make any findings, we are left to speculate regarding what issues the court believed were potentially substantial. At the conclusion of this hearing, however, the district court determined there were no issues of substance that required an evidentiary hearing and summarily dismissed the motion.

Notwithstanding the district court's failure to make the requisite factual and legal findings in this matter, we have independently reviewed the record and conclude that while most of Campbell's claims were properly dismissed, Campbell has alleged some substantial issues that require his presence at an evidentiary hearing. Broadly summarized, Campbell's claims fall into three categories: trial errors, prosecutorial misconduct, and ineffective assistance of trial counsel.

*Trial Errors*

Within Campbell's motion, the first set of alleged errors concerns rulings by the district court concerning the admission or exclusion of evidence and the denial of Campbell's motion for a judgment of acquittal. As the record reveals only an oral motion for directed verdict at the end of the State's evidence and a motion for a new trial, Campbell's 60-1507 is construed to contest the district court's rulings with respect to these motions, rather than a motion for a judgment of acquittal. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (citing *State v. Andrews*, 228 Kan. 368, 370, 614 P.2d 447 [1980]).

Allegations raising mere trial errors are properly raised in a direct appeal. They are not properly raised in a collateral proceeding under K.S.A. 60-1507 unless they affect constitutional rights and there is a showing of exceptional circumstances excusing the failure to appeal. See *Johnson v. State*, 271 Kan. 534, 535, 24 P.3d 92 (2001); Supreme Court Rule 183(c). Campbell has not alleged any exceptional circumstances which warrant consideration of any of these issues. Consequently, these claims were appropriately dismissed by the district court.

### Prosecutorial Misconduct

Campbell claims the prosecuting attorney committed misconduct during voir dire, opening statement, examination of witnesses, and closing argument.

If prosecutorial misconduct rises to a level which violates a defendant's right to a fair trial, the issue is properly raised by direct appeal, despite any lack of contemporaneous objection at trial. See *State v. Mann*, 274 Kan. 670, 688, 56 P.3d 212 (2002) (citing *State v. Pabst*, 268 Kan. 501, 504, 996 P.2d 321 [2000]). As a result, claims for relief due to prosecutorial misconduct ordinarily are considered trial errors which are not properly raised in a K.S.A. 60-1507 proceeding unless they affect constitutional rights and there are exceptional circumstances excusing the failure to appeal. Supreme Court Rule 183(c). Campbell has not demonstrated any exceptional circumstances to warrant our consideration of these claims.

The issue of prosecutorial misconduct, however, was exhaustively considered by our Supreme Court in Campbell's direct criminal appeal. See *Campbell*, 268 Kan. at 538-43. Such claims may not be relitigated in a collateral proceeding. See *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000) ("[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived."). As a result, these claims were properly dismissed by the district court.

### Ineffective Assistance of Counsel

Campbell's motion also raises multiple allegations of ineffective assistance of trial counsel. Although such claims are properly filed in a K.S.A. 60-1507 proceeding, many of Campbell's claims are speculative or specious. Because a presumption of regularity attaches to a criminal conviction and sentence, Campbell bears the burden of proving that his conviction or sentence is defective by a preponderance of the evidence. See *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980); Supreme Court Rule 183(g). Merely conclusory allegations are insufficient to require an eviden-

tiary hearing. See *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994).

Campbell's speculative, ambiguous, or unsupported claims are addressed below:

(1) Campbell claims that his trial counsel neglected to preserve meritorious claims for appeal, but he fails to specify which meritorious claims were not preserved.

(2) Campbell suggests his trial counsel was ineffective due to the erroneous admission of tainted evidence, yet he does not specify which evidence was tainted.

(3) Campbell alleges his trial counsel did not object to prosecutorial misconduct, but the misconduct to which Campbell refers is too vague for consideration.

(4) Campbell claims his counsel did not object to the State's alleged coaching of witnesses, yet his motion does not identify these witnesses or indicate the improper manner by which they were allegedly coached.

(5) Campbell argues his trial counsel did not contest the validity of the charges against him, a claim that is controverted by a cursory review of the trial transcript. Moreover, Campbell never states how the overall defense in his case was deficient.

(6) Campbell suggests that one of the State's witnesses should have been impeached with evidence of a prior criminal record, but fails to identify the witness or advise which particular conviction is at issue.

(7) Campbell complains that his defense counsel failed to elicit the testimony of character witnesses in Campbell's defense, but he does not identify proposed character witnesses or describe how their testimony would have aided the defense.

(8) Campbell claims his trial counsel failed to challenge the State's discriminatory exercise of peremptory strikes. The record, however, clearly reveals defense counsel's challenge to the State's exercise of strikes on the basis of *Batson v. Kentucky*, 476 U.S. 79. Additionally, the Supreme Court considered this underlying issue on appeal and ruled adversely to Campbell's argument. *Campbell*, 268 Kan. at 532-37.

(9) Campbell argues that his counsel failed to adequately investigate the lack of damage to Campbell's jeep. His motion, however, does not specify what further investigation should have been conducted by defense counsel. A review of the trial transcript reveals defense counsel appropriately addressed the issue of damage to Campbell's vehicle.

(10) Campbell objects to his counsel's decision not to call an expert medical witness to discuss the limited vision of two of the State's eyewitnesses. This claim is without merit because the record demonstrates an effective cross-examination of these witnesses. One witness admitted that he required glasses to drive, but was not wearing his glasses while perceiving the events to which he testified. Defense counsel actually admitted the glasses of the other witness into evidence so the jury could personally examine the strength of the witness' prescription and learn first-hand how well she could see without them.

(11) Campbell contends his counsel provided inadequate representation by failing to impeach an unnamed prosecution witness with evidence that the witness was on probation for an unspecified crime. Campbell does not allege that his counsel was even aware of this information. Without further specificity, the admissibility and value of this evidence is questionable.

(12) Campbell claims his trial counsel was ineffective for failing to take photographs of the crime scene at night to demonstrate the low visibility in the neighborhood. Campbell's claim does not warrant an evidentiary hearing because he does not allege how such photographs would have provided a better defense than the crime scene photographs taken by officers on the night of the murder.

(13) Campbell asserts that defense counsel was ineffective for failing to depose the State's witnesses. Campbell misconstrues Kansas law. While a criminal defendant may petition the court to depose a witness, this statutory right is limited to witnesses who will likely be unavailable for trial and who possess material testimony. See K.S.A. 22-3211(1). Here, the State's witnesses were not unavailable; they were present at trial, which precluded the legal basis for counsel taking their depositions prior to trial.

The 13 claims just discussed provided no basis for relief, did not necessitate an evidentiary hearing, and were properly dismissed in a summary manner. Campbell's motion contains three claims, however, involving substantial issues of fact related to ineffective assistance of counsel which deserve further consideration with Campbell present at an evidentiary hearing.

(1) Campbell generally alleges his trial counsel failed to properly conduct a pretrial investigation. In this regard, we note that Campbell's counsel at the K.S.A. 60-1507 hearing advised the district court that trial counsel billed about $2,400 for his first-degree murder defense, an amount suggesting that Campbell's allegations of inadequate consultation and investigation are not conclusively without merit. In particular, Campbell specifically alleges that his counsel failed to have scientific or forensic testing conducted on his clothing and person. Campbell's claim of inadequate pretrial investigation involves substantial issues of fact. An evidentiary hearing with potential testimony from Campbell and trial counsel is appropriate prior to a determination of the merits of this claim.

(2) Campbell claims his attorney failed to adequately prepare him for possible trial testimony. The decision on whether to testify is a right of a defendant after full consultation with counsel. *State v. Carter*, 270 Kan. 426, 439, 14 P.3d 1138 (2000). The record reflects that, against counsel's advice, Campbell declined to testify at trial. Campbell claims that his attorney advised him that if he testified, he would have been convicted of a lesser offense. He also alleges that trial counsel's billing records reflect spending only about 2 hours in client consultation prior to trial. The circumstances surrounding trial counsel's advice, the preparation of Campbell for possible trial testimony, and the reasons for his refusal to testify merit an evidentiary hearing prior to any judicial determination of this issue.

(3) Campbell alleges his trial counsel was ineffective for failing to request telephone logs of Timothy Stovall's residence and the Wyandotte County jail. Our review of the trial transcript reveals that Timothy Stovall and Michael Bruce testified at trial that Campbell made a collect call from the jail to Stovall's house the day after the murder. As set forth in the Supreme Court's opinion

on direct appeal, Campbell's statements during this call led police to the murder weapon in Stovall's backyard. *Campbell*, 268 Kan. at 532. The prosecutor claimed during opening statement that Campbell had confessed during this call, but the evidence did not bear this out. 268 Kan. at 541. The Supreme Court did find the State's reference to Campbell's purported confession during the phone call was error and that Campbell was prejudiced. See 268 Kan. at 542. The Supreme Court, however, ultimately found this error was harmless. 268 Kan. at 542-43.

In his K.S.A. 60-1507 motion, Campbell argues that these telephone logs would have established that this incriminating telephone call never occurred. Campbell's allegations merit an evidentiary hearing. If on remand the district court finds Campbell's allegations are true and trial counsel's efforts to disprove the existence or contents of this telephone call were ineffective, any resulting prejudice is obviously relevant to a *Strickland* analysis. See *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 [1984]).

We affirm the district court's summary denial of Campbell's K.S.A. 60-1507 motion as it relates to claims of trial errors and prosecutorial misconduct. We also affirm the district court's summary denial of Campbell's ineffective assistance of counsel claims as set forth in paragraphs (1) through (13) above. We reverse and remand for an evidentiary hearing, in the presence of Campbell, regarding three issues: Campbell's ineffective assistance of counsel claims pertaining to (1) the alleged failure to conduct a proper pretrial investigation, (2) the failure to prepare Campbell for possible testimony at trial, and (3) the failure to obtain telephone logs regarding an alleged conversation involving Campbell that resulted in police finding the murder weapon.

### Failure to Comply with Supreme Court Rule 183(j)

At the conclusion of the K.S.A. 60-1507 hearing, the court stated: "There doesn't appear to be any issue of fact or law in controversy before this Court that would entitle the defendant to any relief under the statute. And so his claim in all respects will be

denied by the Court." The judge then directed the prosecutor to prepare a journal entry for his signature. On April 17, 2002, the signed journal entry stating the court's findings was filed with the clerk. In relevant part it stated "[t]hat there are no justiciable issues of fact or law, and that the petition is without merit."

Supreme Court Rule 183(j) provides that a district court issuing a judgment in K.S.A. 60-1507 proceedings "shall make findings of fact and conclusions of law on all issues presented." 2004 Kan. Ct. R. Annot. 223. In interpreting this rule, the Supreme Court and Court of Appeals have repeatedly emphasized the importance of specific findings of fact and conclusions of law. See *State v. Moncla*, 269 Kan. 61, 64-65, 4 P.3d 618 (2000); *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). As another panel of this court recognized in *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002), the Supreme Court requires findings and conclusions so appellate courts may conduct a meaningful review.

In this case, the district court provided no findings of fact or conclusions of law as required by Supreme Court Rule 183(j). Our independent review of the record, with findings of fact and conclusions of law as set forth in this opinion, however, obviates the necessity for remand solely to require the district court to comply with Supreme Court Rule 183(j). Upon remand for the appointment of new counsel and holding of an evidentiary hearing in compliance with this opinion, we encourage the district court to comply with Supreme Court Rule 183(j).

The district court's summary denial of Campbell's K.S.A. 60-1507 motion is reversed in part and affirmed in part, in conformance with this opinion. This case is remanded for appointment of new counsel and the holding of an evidentiary hearing in Campbell's presence. The district court's failure to comply with Supreme Court Rule 183(j) is moot.