(212 P.3d 250)
No. 100,665

JERRY ALFORD, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 31, 2009.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before GREENE, P.J., PIERRON and GREEN, JJ.

GREEN, J.: Jerry Alford appeals from the trial court's denial of his K.S.A. 60-1507 motion after appointing counsel and holding a

nonevidentiary hearing. Alford argues that his attorney at the K.S.A. 60-1507 hearing was ineffective and that the matter should be remanded to the trial court with directions to appoint new counsel and hold an additional hearing. Nevertheless, because Alford has not shown that he suffered legal prejudice by his counsel's conduct, he is unable to meet the test for ineffective assistance of counsel. Accordingly, we affirm.

In April 2005, the State charged Alford with one count of criminal threat. The charge was based on an incident in which Alford, who was in the Sedgwick County Detention Facility, threatened a female detention officer assigned to supervise Alford's pod. Alford yelled and cursed at the detention officer while threatening her with violence and forced sexual activity. A response team was eventually able to calm Alford down without using any physical force. After a 2-day trial, the jury convicted Alford of the criminal threat charge. This court affirmed Alford's conviction, and our Supreme Court denied Alford's petition for review. *State v. Alford,* No. 95,578, unpublished opinion filed March 2, 2007, *rev. denied* 284 Kan. 947 (2007).

In November 2007, Alford moved for relief under K.S.A. 60-1507. Alford raised the following arguments in his K.S.A. 60-1507 motion: (1) that after allegedly violating a jail rule or regulation, he had not been afforded a disciplinary hearing under *Wolff v. McDonnell,* 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974); (2) that despite his requests for discovery, the State had failed to produce witness statements; (3) that he had not been allowed to confront and cross-examine a detective about his sworn affidavit before the affidavit was examined by the trier of fact; (4) that before he had been sentenced, "the court did not have jurisdiction, nor did the state prove all elements beyond a reasonable doubt;" (5) that his sentence had been imposed without the benefit of a jury; and (6) that he had been denied effective assistance of counsel.

The trial court appointed counsel to represent Alford on his K.S.A. 60-1507 motion and held a nonevidentiary hearing. After hearing the parties' arguments, the trial court found that the motions, files, and records conclusively showed that Alford was not entitled to the relief requested. The trial court dismissed Alford's

K.S.A. 60-1507 motion for the reasons set forth in the State's response to the motion.

On appeal, Alford argues that his counsel at the K.S.A. 60-1507 nonevidentiary hearing was ineffective and that the matter should be remanded to the trial court with orders for the appointment of new counsel and an additional hearing. The extent of a movant's statutory right to effective assistance of counsel during a K.S.A. 60-1507 proceeding presents a question of law over which an appellate court exercises unlimited review. *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 (2009).

Importantly, Alford raises the argument concerning ineffective assistance of his K.S.A. 60-1507 counsel for the first time on appeal. As a general rule, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Gleason*, 277 Kan. 624, Syl. ¶ 5, 88 P.3d 218 (2004). Nevertheless, when the quality of the assistance provided to a K.S.A. 60-1507 movant by counsel is determinable on the transcript of the nonevidentiary hearing included in the record on appeal, the appellate court is able to address this issue without remand to the trial court. *Robertson*, 288 Kan. 217, Syl. ¶ 6. Here, because the quality of assistance provided to Alford by his K.S.A. 60-1507 counsel is determinable on the transcript of the nonevidentiary hearing included in the appellate record, we are able to address Alford's ineffective assistance of counsel claim in this appeal.

There is no constitutional right to effective assistance of counsel in a K.S.A. 60-1507 proceeding. *Robertson*, 288 Kan. at 228. Nevertheless, Kansas law provides for a statutory right to effective assistance of counsel in a K.S.A. 60-1507 proceeding. *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004). Under K.S.A. 22-4506(b), an indigent defendant is entitled to appointment of counsel during K.S.A. 60-1507 proceedings if the motion presents substantial questions of law or triable issues of fact. See K.S.A. 22-4506(b). Once this statutory right to counsel attaches, a K.S.A. 60-1507 movant is entitled to effective assistance of counsel. *Robertson*, 288 Kan. at 228. This statutory appointment of counsel "should not be a useless formality." *Brown*, 278 Kan. at 484.

Our Supreme Court and this court have found a violation of the statutory right to effective assistance of counsel in limited circumstances. In *Brown*, our Supreme Court held that K.S.A. 60-1507 appointed counsel's 2-year delay in notifying his client of the trial court's adverse decision "cannot even meet the most minimal of standards." 278 Kan. at 484. Our Supreme Court declined to independently review the record to determine whether the trial court had properly denied the motion on its merits. Noting that the movant had no other remedy than an out-of-time appeal, our Supreme Court reversed and remanded the case to the trial court with instructions to allow an appeal of the K.S.A. 60-1507 motion to be filed out of time. 278 Kan. at 485. Our Supreme Court held that "in *Brown*, the existence of legal prejudice was obvious because counsel's poor performance led to a complete forfeiture of Brown's right to a timely appeal. [Citations omitted.]" *Robertson*, 288 Kan. at 229-30.

## *Campbell v. State*

This court in *Campbell v. State*, 34 Kan. App. 2d 8, 114 P.3d 162 (2005), extended the *Brown* rationale to include a situation where appointed counsel actively advocated against his client's K.S.A. 60-1507 motion at the nonevidentiary hearing. Appointed counsel told the court at the hearing that she had reviewed the K.S.A. 60-1507 motion and concluded that the claims were completely without merit:

" 'Although it would not please Mr. Campbell, I would have to state to the Court that based on my review of that, my experience of almost 15 years as a criminal defense attorney and a prosecutor, I do not find any basis to proceed. I think the file and the information that's presented to the Court speaks for itself. I think the Court would find upon reviewing all the information that I find [trial counsel] was not ineffective nor was the Appellate Defender's Office ineffective.' " 34 Kan. App. 2d at 10.

Counsel went on to explain that with respect to her client's claim of ineffective assistance of trial counsel, she did not think there would have been a different outcome in the matter. Appointed counsel proceeded to praise trial counsel, stating that she had done a lot of extra work on her client's behalf. She further stated that

trial counsel was " 'very effective' " and had " 'prepared a wonderful record.' " 34 Kan. App. 2d at 10-11. In responding to appointed counsel's argument, the prosecutor stated, " 'Judge, I don't know that I need to say a whole lot.' " 34 Kan. App. 2d at 11.

Although the record in *Campbell* revealed certain legal issues that appeared to warrant an evidentiary hearing, this court did not reverse on that basis. Instead, this court's sole concern was that the movant's court-appointed counsel "advocated against her client's motion, which essentially mandated an adverse decision from the district court." 34 Kan. App. 2d at 13. This court held that appointed counsel's conduct " 'cannot even meet the most minimal of standards' of K.S.A. 2000 Supp. 22-4506(b) that counsel 'assist' her indigent client. [Citation omitted.]" 34 Kan. App. 2d at 13. In comparing the representation in *Brown* to that rendered in *Campbell*, this court stated:

"[W]e understand the Supreme Court's enunciation of a statutory right to effective counsel in K.S.A. 60-1507 proceedings in *Brown* was extended to an egregious instance of ineffectiveness of counsel that resulted in a highly prejudicial outcome. We view the ineffectiveness in *Brown* as highly prejudicial as it is extraordinary because, unless remedied, it foreclosed a right to appeal. Similarly, in the case before us, court-appointed counsel's advocacy against her client's K.S.A. 60-1507 motion seriously prejudiced Campbell's legal position and, in essence, compelled the district court's adverse judgment. As a result, we believe the Supreme Court's precedent enunciated in *Brown* is applicable to Campbell's unique factual situation." *Campbell,* 34 Kan. App. 2d at 13-14.

Because appointed counsel's "advocacy against her client's K.S.A. 60-1507 motion [was] both egregiously ineffective and highly prejudicial," this court reversed the trial court's decision and remanded for a new hearing on the K.S.A. 60-1507 motion. 34 Kan. App. 2d at 14.

Alford maintains that the conduct of his K.S.A. 60-1507 appointed counsel was very similar to that in *Campbell* and that the case should be remanded for appointment of new counsel and a hearing.

### *Robertson v. State*

Recently, however, our Supreme Court criticized the analysis in *Campbell* and its progeny. *Robertson,* 288 Kan. at 230-32. Although

the performance by appointed K.S.A. 60-1507 counsel was nearly identical to that rendered in *Campbell,* our Supreme Court held that Robertson was unable to demonstrate the prejudice prong of the test for ineffective assistance of counsel.

In criticizing *Campbell* and its progeny, our Supreme Court noted that the analytical effect of those decisions on the difference between evaluation of counsel that is constitutionally required versus evaluation of counsel that is only statutorily provided for "has appeared to be an inflation of the degree of prejudice required for relief in the case of 60-1507 counsel." *Robertson,* 288 Kan. at 231. Nevertheless, determining that a K.S.A. 60-1507 movant must make the same showing of legal prejudice that is required for constitutional ineffective assistance of counsel claims, our Supreme Court stated:

"We agree that a showing of legal prejudice is required when the performance of statutorily provided counsel on a K.S.A. 60-1507 motion is questioned. This is the sensible holding from both theoretical and practical perspectives—theoretical because we should not require a lesser showing from a litigant attempting to vindicate a statutory right than the showing demanded of a litigant attempting to vindicate a constitutional right, practical because reversal and/or remand when there has been no legal prejudice can usually be characterized as a profligate expenditure of scarce judicial resources. But we disagree with those Court of Appeals panels that have appeared to impose a more rigorous standard of prejudice than that imposed in constitutional cases. The required showing of prejudice is the same." 288 Kan. at 232.

Our Supreme Court determined that no legal prejudice could be demonstrated in *Robertson* because there existed no substantial legal issues or triable issues of fact when K.S.A. 60-1507 counsel was appointed to represent Robertson. Determining that the motions, files, and records of the case showed that Robertson was not entitled to relief in the case, our Supreme Court stated:

"Indeed, had the district judge elected to refuse to appoint counsel, refuse any hearing, and summarily deny the motion, those decisions could easily have been affirmed on appeal. The motion, files, and records in this case demonstrated as a matter of law that Robertson was not entitled to K.S.A. 60-1507 relief. It is ironic that the district judge's abundance of caution resulted in a performance by unnecessary appointed counsel at an unnecessary nonevidentiary hearing that could not go unaddressed, at some length, by this court." 288 Kan. at 232.

Because Robertson was unable to demonstrate prejudice, his ineffective assistance of K.S.A. 60-1507 counsel claim failed.

*Ineffective Assistance of Counsel Test*

Thus, under *Robertson*, the K.S.A. 60-1507 movant must establish the following two things in order to prevail on an ineffective assistance of appointed K.S.A. 60-1507 counsel's claim: (1) that the performance by appointed counsel was deficient and (2) that the movant suffered legal prejudice as a result of appointed counsel's performance.

*Deficient Performance*

We point out that Alford's appointed counsel did not actively advocate against his client to the level that appointed counsel did in *Robertson* and *Campbell*. Moreover, many of Alford's arguments clearly had no legal basis. Under Kansas Rule of Professional Conduct 3.3 (2008 Kan. Ct. R. Annot. 531), Alford's counsel had a duty of candor toward the court and could not offer evidence he knew to be false or make arguments he knew had no merit. See *McDermed v. State*, 36 Kan. App. 2d 806, 811, 146 P.3d 222 (2006), *rev. denied* 283 Kan. 931 (2007).

Nevertheless, our Supreme Court in *Robertson* held that appointed counsel may not act merely as an objective assistant to the court or to argue against his or her client's position:

"Once appointed, counsel for a K.S.A. 60-1507 motion must, within the stricture of required candor to the court and other ethical rules, pursue relief for the client. If this requires counsel to stand silent or merely to submit the case on the written arguments of that client, so be it. Counsel is simply not free to act merely as an objective assistant to the court or to argue against his or her client's position." 288 Kan. at 229.

Here, Alford's appointed counsel did exactly what our Supreme Court warned against—he essentially acted as an objective assistant to the trial court and even argued against Alford's position on some of Alford's claims. Moreover, Alford's appointed counsel did essentially nothing to represent his client's interest on the claims that were properly before the trial court. We point out that although Alford raised an ineffective assistance of counsel claim, a claim that is properly raised in a K.S.A. 60-1507 motion, appointed counsel

made no effort to ascertain the nature of this claim or to argue a basis for this claim. As a result, the performance by Alford's appointed counsel was deficient.

*Prejudice*

·We next consider the second prong of the ineffective assistance of counsel test, that is, whether Alford was prejudiced by counsel's performance. Our Supreme Court's holding in *Robertson* guides our decision on this issue. If no substantial legal issues or triable issues of fact existed when Alford's counsel was appointed to represent him on his K.S.A. 60-1507 motion, then counsel's deficient performance at the nonevidentiary hearing could not have prejudiced Alford. See *Robertson*, 288 Kan. at 232.

Here, Alford's first claim, that he was not afforded a disciplinary hearing under *Wolff*, 418 U.S. 539, after violating a jail rule or regulation, was not properly before the K.S.A. 60-1507 court. This administrative claim should have been filed in a K.S.A. 60-1501 petition in the county where Alford was incarcerated and not included in a K.S.A. 60-1507 motion with his other claims attacking his criminal conviction.

Alford's second claim, that the State had failed to produce witness statements despite his requests for discovery, was conclusory. Alford did not identify which witness statements should have been turned over and how the statements would have affected his defense. A K.S.A. 60-1507 movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. *Swenson v. State*, 284 Kan. 648, 656, 162 P.3d 808, *modified* 284 Kan. 931, 938, 169 P.3d 298 (2007).

Alford's third claim, that he was not allowed to confront and cross-examine a detective about his sworn affidavit before the affidavit was examined by the trier of fact, lacked a legal basis to warrant further review. Apparently, Alford meant the affidavit that accompanied the arrest warrant in his criminal case. There is no legal basis to allow Alford to cross-examine the officer who fills out the arrest warrant. Moreover, the trial transcript in Alford's underlying criminal case demonstrated that Alford was given the op-

portunity to cross-examine the State's witnesses, including the testifying officers, at trial. Furthermore, Alford has not advanced any exceptional circumstances that would excuse his failure to raise this issue in his direct appeal. See Supreme Court Rule 183(c) (2008 Kan. Ct. R. Annot. 248) ("Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised [in a K.S.A. 60-1507 motion] even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."); *Trotter v. State*, 288 Kan. 112, 125-26, 200 P.3d 1236 (2009); *Pabst v. State*, 287 Kan. 1, 6, 192 P.3d 630 (2008) (A K.S.A. 60-1507 action cannot be used as a substitute for an appeal of trial errors.).

Alford's fourth claim, that before he was sentenced "the court did not have jurisdiction, nor did the state prove all elements beyond a reasonable doubt," was conclusory and lacked an evidentiary basis under K.S.A. 60-1507. Moreover, if Alford was alleging a sufficiency of the evidence claim, this issue should have been raised on direct appeal. Alford has not shown exceptional circumstances excusing the failure to raise the issue on direct appeal. See *Trotter*, 288 Kan. at 125-26.

Alford's fifth claim, that his sentence was imposed without the benefit of a jury, lacked a legal basis to warrant further review. Alford's sentence was a guidelines sentence, which was properly imposed by the trial court. There is simply no authority to support Alford's proposition that the jury should have imposed his sentence. See *State v. McReynolds*, 288 Kan. 318, 331-32, 202 P.3d 658 (2009).

Finally, Alford's sixth claim, that he was denied effective assistance of counsel, was conclusory and lacked an evidentiary basis. Alford did not set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that he was entitled to relief under K.S.A. 60-1507. See *Swenson*, 284 Kan. at 656 (In stating an evidentiary basis, a K.S.A. 60-1507 motion must set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that the movant is entitled to relief.).

Thus, all of the claims raised in Alford's K.S.A. 60-1507 motion were subject to summary dismissal. As in *Robertson*, there existed

no substantial legal issues or triable issues of fact when counsel was appointed to represent Alford. If counsel had not been appointed to represent Alford and the trial court had summarily dismissed Alford's K.S.A. 60-1507 motion, we could have easily affirmed the trial court's decision. Because the motions, files, and records in this case conclusively established that Alford was not entitled to relief on his K.S.A. 60-1507 motion, Alford was not prejudiced by his appointed counsel's conduct at the nonevidentiary hearing.

*State v. Hemphill*

Unmentioned in *Robertson* is the case of *State v. Hemphill*, 286 Kan. 583, 595, 186 P.3d 777 (2008), wherein the counsel's conduct in that case was very similar to the counsel's conduct in this case, and our Supreme Court held that by abdicating his role as defendant's counsel, the actions of appointed counsel were both " 'egregiously ineffective' " and " 'highly prejudicial.' " There, counsel had been appointed to represent Hemphill on his motion to withdraw his pleas. At the hearing, appointed counsel argued against Hemphill's interest by explaining to the court why he did not believe Hemphill's motions had merit. Hemphill was then forced to argue on his own behalf even though he had been appointed an attorney to represent him. After discussing both *Brown* and *Campbell,* our Supreme Court stated as follows:

"We similarly conclude in this case that appointed counsel's argument at the hearing on the defendant's motion to withdraw his pleas was egregiously ineffective. While attorneys have a duty of candor toward the tribunal under Kansas Rule of Professional Conduct 3.3 (2007 Kan. Ct. R. Annot. 508), this duty does not require an attorney to forsake his or her role as a client's representative. [Citation omitted.] Here, appointed counsel's argument against defendant's interest forced defendant to argue his own case, resulting in the complete abandonment of counsel's role as defendant's representative.

"We also conclude that Hemphill was prejudiced by the abandonment. The defendant's pro se motion to withdraw his pleas, read liberally, raises questions regarding the voluntariness of his pleas and their factual basis. The district court apparently concluded that the defendant's motion raised substantial issues of fact or law, as the court did not summarily deny the motion but instead appointed counsel to represent the defendant and held a hearing to determine the merits. [Citation omitted.] Yet these issues were not explored at the hearing. Instead, the defendant's appointed counsel explained why he felt that the issues did not have

merit, and the defendant, left to argue for himself, stated only that he did not 'know how to go about this' and did not 'know what to say' because he 'thought [he] was going to have somebody to represent [him].' " 286 Kan. at 594-95.

As a result, our Supreme Court held that "[b]y abdicating his role as defendant's counsel, the actions of the attorney appointed to represent Hemphill were both 'egregiously ineffective' and 'highly prejudicial.' [Citation omitted.]" 286 Kan. at 595. Our Supreme Court determined that Hemphill was denied effective assistance of his appointed counsel during the hearing on his motion to withdraw his pleas. 286 Kan. at 595.

Here, similar to *Hemphill*, appointed counsel made no argument that would benefit Alford on any of his claims and told the trial court why Alford's claims lacked merit. Although it is true that Alford made a conclusory allegation in his pro se K.S.A. 60-1507 motion that his counsel was ineffective and that the State failed to turn over witness statements, appointed counsel stated that he had corresponded with Alford before making his argument to the court. Part of appointed counsel's duty in representing Alford should have been to ascertain the exact nature of Alford's ineffective assistance of counsel claim and the witness statements that allegedly had not been turned over by the State during discovery. The record establishes, however, that no such effort was made here and that appointed counsel abdicated his role in representing Alford.

Importantly, in *Hemphill*, our Supreme Court emphasized its previous holdings that even though a trial court need not automatically hold a hearing or appoint counsel in all postconviction matters, when a hearing is held " 'at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel.' [Citations omitted.]" 286 Kan. at 596. Here, appointed counsel abandoned his role in representing Alford. By his conduct, Alford's appointed counsel essentially left Alford without any representation at the K.S.A. 60-1507 nonevidentiary hearing. Under *Hemphill*, it would seem that Alford is entitled to appointment of new counsel and a new hearing.

Nevertheless, we are left to speculate if *Hemphill* as a precedent has any bearing on this issue. *Hemphill*, however, involved a motion

to withdraw pleas, while *Robertson* involved a K.S.A. 60-1507 motion. But we note that motions to withdraw pleas have been treated similarly to K.S.A. 60-1507 motions. See *State v. Jackson,* 255 Kan. 455, 458-61, 874 P.2d 1138 (1994).

It is apparent that the legal prejudice standard applied in *Robertson* was not the same standard applied in *Hemphill.* In *Hemphill,* in addressing whether the defendant was prejudiced by his counsel's performance, our Supreme Court determined that the defendant's pro se motion to withdraw his pleas, read liberally, *raised questions* regarding the voluntariness of his pleas and their factual basis. 286 Kan. at 595. Unlike *Robertson,* our Supreme Court in *Hemphill* did not make an independent determination of whether there were *substantial legal issues or triable issues of fact* when counsel was appointed. Our Supreme Court, however, did note that the trial court "apparently concluded that the defendant's motion raised substantial issues of fact or law, as the court did not summarily deny the motion but instead appointed counsel to represent the defendant and held a hearing to determine the merits. [Citation omitted.]" 286 Kan. at 595.

The real error, which weaved through *Hemphill* like a strand of thread, was the trial court's and this court's failure to allow Hemphill to appeal from the denial of his motion to withdraw his pleas under *Kargus v. State,* 284 Kan. 908, 169 P.3d 307 (2007). In reversing and remanding the case, our Supreme Court recognized that it could resolve the case under *Kargus* by granting Hemphill permission to file an appeal from the trial court's denial of his motion to withdraw his pleas. Although our Supreme Court noted that the more appropriate relief was to grant Hemphill a new hearing on his original motion to withdraw his pleas, it still preserved his appellate rights in the event that the hearing was unsuccessful. Furthermore, at the conclusion of the opinion, our Supreme Court specifically emphasized that its decision dealt "primarily with questions relating to the defendant's right to an appeal from the denial of his motion to withdraw his pleas." *Hemphill,* 286 Kan. at 596.

Moreover, in reaching its decision that appointed counsel was ineffective, the *Hemphill* court quoted language used by this court, which has since been called into question by the *Robertson* deci-

sion. Specifically, in stating that the defendant's counsel had abdicated his role as defendant's counsel, the *Hemphill* court concluded that the defendant's attorney's actions were both " 'egregiously ineffective' " and " 'highly prejudicial,' " 286 Kan. at 594, quoting from the *Campbell* court, 34 Kan. App. 2d at 14. This language, which the *Robertson* court called an inflation of the degree of prejudice required, 288 Kan. at 231, has been determined to be an exaggeration not warranted by the law. See 288 Kan. at 232 ("But we disagree with those Court of Appeals panels that have appeared to impose a more rigorous standard of prejudice than that imposed in constitutional cases.").

*Robertson* is on point with the instant case because it involved the same claim that is involved here: whether appointed counsel was ineffective in representing a K.S.A. 60-1507 movant at a preliminary hearing. Moreover, it is the most recent Supreme Court case that has articulated the standard of legal prejudice to be applied on claims of ineffective assistance of appointed K.S.A. 60-1507 counsel. As a result, our Supreme Court's decision in *Robertson* controls the legal prejudice standard we must apply here.

Because no substantial legal issues or triable issues of fact existed when Alford's counsel was appointed to represent him on his K.S.A. 60-1507 motion, counsel's performance at the nonevidentiary hearing did not prejudice Alford. See *Robertson*, 288 Kan. at 232. Alford is unable to meet the prejudice prong of the test for ineffective assistance of counsel, and his ineffective assistance of counsel claim fails.

Affirmed.