NOT DESIGNATED FOR PUBLICATION

No. 119,167

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARMAND L. LITTLE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 1, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM:  In 1997, Armand L. Little Jr. was convicted of aggravated kidnapping, two counts of kidnapping, aggravated robbery, aggravated burglary, and criminal possession of a firearm. In 2017, Little filed his sixth K.S.A. 60-1507 motion for relief claiming new ineffective assistance of counsel and trial errors. The district court summarily denied the motion because it was successive and untimely. Little appeals the denial of this motion arguing that he is entitled to an evidentiary hearing.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Little was convicted of aggravated kidnapping, two counts of kidnapping, aggravated robbery, aggravated burglary, and criminal possession of a firearm in case 1995 CRM 455. The district court sentenced Little to 416 months in prison. The Court of Appeals upheld these convictions on Little's direct appeal in *State v. Little*, 26 Kan. App. 2d 713, 994 P.2d 645 (1999). Since Little's direct appeal, he has filed six K.S.A. 60-1507 motions for relief.

Little filed his first K.S.A. 60-1507 motion in 2000. Little asserted the following errors:  (1) The trial court and prosecution erred in presenting perjured testimony and inconsistent statements, (2) the prosecution erred in failing to advise the jury about a witness' plea agreement, and (3) his counsel erred in not pursuing a mistrial on the grounds of perjured testimony and inconsistent statements. The district court summarily denied the motion and Little voluntarily dismissed the appeal on this motion. See *Little v. State*, No. 93,820, 2005 WL 2138745, at *1 (Kan. App. 2005) (unpublished opinion).

In 2002, Little filed his second K.S.A. 60-1507 motion. This motion alleged:  (1) The district court erred in allowing the State to introduce evidence of a previously dismissed rape charge, (2) the district court abused its discretion in failing to instruct the jury to disregard questions regarding the beating of a woman with a baseball bat, (3) the district court erred in admitting K.S.A. 60-455 evidence which was overly prejudicial, (4) Little was denied his right to effective assistance of counsel, (5) the prosecutor committed prejudicial misconduct by waving a gun in front of the jury, and (6) Little's defense counsel failed to object to a jury instruction referencing Little's constitutional right to not testify at trial. The district court dismissed this motion without a hearing and the Court of Appeals upheld the denial on appeal noting these claims should have been brought in his direct appeal. *Little v. State*, No. 89,750, 2004 WL 203004, at *1, 3 (Kan. App. 2004) (unpublished opinion).

In 2004, Little filed his third K.S.A. 60-1507 motion. In this motion, Little claimed: (1) his right to effective assistance of counsel was violated, (2) his right to effective assistance of appellate counsel was violated, (3) the district court violated his due process rights in allowing the State to admit evidence of a previously dismissed rape charge, (4) the district court failed to instruct the jury to disregard questions regarding the beating of a woman with a baseball bat, (5) the district court denied Little a fair trial when it admitted K.S.A. 60-455 evidence which was overly prejudicial, (6) the district court erred in failing to conduct an independent hearing on the K.S.A. 60-455 evidence to determine its prejudicial effect, and (7) the prosecutor committed prosecutorial misconduct in waving a gun in front of the jury. The district court summarily denied this motion and the Court of Appeals affirmed as Little's claims should have been brought in previous motions. *Little*, 2005 WL 2138745, at *2-4.

In 2006, Little filed his fourth K.S.A. 60-1507 motion in which he alleged his convictions for aggravated kidnapping and aggravated robbery were multiplicitous. The district court again summarily denied the motion and the Court of Appeals affirmed because it constituted a successive motion. *Little v. State*, No. 97,865, 2008 WL 360687, at *2-3 (Kan. App. 2008) (unpublished opinion). Little's multiplicitous claims were also denied federal habeas corpus relief for untimeliness and successive reasons in *Little v. Cline*, No. 08-3237-SAC, 2009 WL 1864014 (D. Kan. 2009) (unpublished opinion).

In 2012, Little filed his fifth K.S.A. 60-1507 motion claiming ineffective assistance of counsel due to his counsel's failure to persuade Little to take a plea offer of a lesser charge and that "he was not fully advised of all the facts, consequences, and trial strategy." After another summary denial, the Court of Appeals affirmed the district court's ruling because this motion was also successive. *Little v. State*, No. 110,215, 2014 WL 2619392, at *2-3 (Kan. App. 2014) (unpublished opinion).

3

In 2017, Little filed his sixth K.S.A. 60-1507 motion which is the subject of this appeal. In this motion, Little alleged he was denied a fair trial and requested an evidentiary hearing based on the following: (1) his defense counsel was inefficient, ill-prepared, and ineffective in failing to adequately collect all components of discovery and evidence, (2) his defense counsel failed to impeach a codefendant regarding the effects of narcotics, sleep deprivation, and mental illness, and (3) his defense counsel failed to "check the Kansas law for court rules on the issue of the testimony of an intoxicated witness."

Little also claimed he presented a colorable claim of actual innocence under the newly revised K.S.A. 2017 Supp. 60-1507 statute. Little admitted he failed to file this motion within the one-year limitation because he was unaware of his legal right to continue his case, he is greatly challenged by the legal language, and he lacked knowledge of jurisdiction and the Constitution. Little claimed manifest injustice existed because he is a layperson and, if the court granted him an evidentiary hearing, the results would be shocking to the conscience of an ordinary person. Little asked that the district court make adequate findings of fact and conclusions of law in compliance with Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228).

Aside from an untimely filing, Little also admitted these new claims were successive, but he implicitly argues that exceptional circumstances existed because the district court violated his constitutional due process rights. Little claimed the district court violated Supreme Court Rule 183(a)-(j) when it used "boilerplate" journal entries to deny his past motions. In support, Little cited to the holding in *McRae v. State*, No. 112,709, 2016 WL 299073 (Kan. App. 2016) (unpublished opinion).

The district court summarily denied this motion. In the journal entry, the district court stated Little's motion was untimely because it exceeded the one-year filing limitation. The district court seemed to apply the now abrogated manifest injustice factors

4

provided in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). The district court also found this motion was successive to the previous five K.S.A. 60-1507 motions that also alleged ineffective assistance of counsel and various trial errors. In noting that a district court is not required to entertain a successive motion absent exceptional circumstances, the journal entry stated the motion "fail[ed] to allege any 'unusual events or intervening changes in law.'" The district court ruled that granting an evidentiary hearing on the basis that "'the results would be shocking to the conscience of an ordinary person, and show that he was unfairly treated in this case'" is not considered exceptional circumstances.

Moreover, the journal entry provided that Little failed to cite to any exceptional circumstances or manifest injustice in his motion that would justify an evidentiary hearing. The district court found the issues raised in the motion could have been raised in either his direct appeal or in his five previous K.S.A. 60-1507 motions. The district court ruled that Little exhausted his remedies and is not entitled to further consideration of the issues. Little filed a timely notice of appeal.

LEGAL ANALYSIS

Generally, a prisoner is entitled to a hearing on a K.S.A. 60-1507 motion, "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018) (quoting K.S.A. 60-1507[b]). Here, the district court found Little was not entitled to relief and summarily denied the motion. Our standard of review provides that summary denial of a K.S.A. 60-1507 motion receives de novo review. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

For the district court to consider the merits of a K.S.A. 60-1507 claim, a defendant must first file a timely motion. Under K.S.A. 2018 Supp. 60-1507(f)(1), a prisoner demanding relief must file the motion within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

In Little's case, the Court of Appeals affirmed his convictions on his direct appeal in 1999 and the Kansas Supreme Court denied review in 2000. 269 Kan. 938 (2000). Little filed the current motion in 2017. Little readily admits that he failed to file the motion within the one-year limitation but argues his claims should be heard under the manifest injustice exception.

As of July 1, 2016, in order to determine if manifest injustice exists, courts must look at why the prisoner failed to file the motion within the one-year time limit or whether the prisoner presents a colorable claim of actual innocence. See K.S.A. 2018 Supp. 60-1507(f)(2)(A). This is an exhaustive list, and "[a]s such, courts are not permitted to consider other, nonlisted factors when determining whether manifest injustice exists." *State v. Griffin*, No. 119,140, 2019 WL 102251, at *5 (Kan. App. 2019) (unpublished opinion); see *White v. State*, 308 Kan. 491, 496-97, 421 P.3d 718 (2018). If, based on the district court's own inspection of the motions, files, and records of the case, the district court determines the time limitations have been exceeded and there is no manifest injustice, the district court must dismiss the motion as untimely. K.S.A. 2018 Supp. 60-1507(f)(3).

Little claims he failed to file the motion within the one-year limitation because, if he were granted a hearing, the results would be shocking to the conscience of an ordinary

6

person and the results would show he was treated unfairly. Little further relies on his status as a layperson who is greatly challenged by the legal language. Little also contends his motion provided a colorable claim of actual innocence through appropriate facts which warranted an evidentiary hearing.

In response, the State first asserts that, despite the district court's inclusion of the *Vontress* factors, it still did not err in denying Little's motion under the amended K.S.A. 2017 Supp. 60-1507 statute. The State contends Little failed to provide an adequate reason as to why he was unable to file his motion within the one-year deadline. The State argues that Little's claims that he was unaware of his legal right to continue his case or that he is a layperson with little legal knowledge do not amount to manifest injustice. Additionally, the State asserts that Little did not provide a claim of actual innocence nor does Little contend that new evidence exists such that no reasonable juror would have convicted him in light of such evidence.

It should first be noted that the Kansas Legislature recently amended the K.S.A. 60-1507 statute in 2016. In doing so, the Legislature did not provide specific details as to how one would meet the manifest injustice standard. As stated above, the statute only requires courts to look at "why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Under the previous statute, past courts defined manifest injustice as "'obviously unfair, or shocking to the conscience.'" *Hayes v. State*, 307 Kan. 9, 11, 404 P.3d 676 (2017). This is most likely why Little stated his claim of manifest injustice in his motion as he did. Regardless, Little's claims fail.

Little did not cite to any legal authority to support his contention that a prisoner can surpass the K.S.A. 60-1507 one-year limitation because the prisoner lacks legal knowledge and skills. In fact, past courts have held that lack of knowledge of legal issues does not amount to manifest injustice. *Dupree v. State*, No. 116,693, 2018 WL 1440515,

7

at *3-4 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1593 (2018). Further, a K.S.A 60-1507 pro se litigant is deemed to be in the same position as all other pro se litigants who are required to be aware of the rules and follow the laws. *Clemons v. State*, 39 Kan. App. 2d 561, 567, 182 P.3d 730 (2008). Thus, Little's claim that he is a layperson with no legal skill and knowledge alone does not meet the manifest injustice standard. Little's claims do nothing more than simply reiterate the "obviously unfair, or shocking to the conscience" standard. Little did not support this statement with facts as to how a failure to hold a hearing would be unfair or shocking to the conscience.

Little also contends he presented a colorable claim of actual innocence. A colorable claim of actual innocence requires the prisoner to show "'it is more likely than not that no reasonable juror would have convicted him in light of new evidence.' [Citation omitted.]" *Beauclair*, 308 Kan. at 300. In Little's motion, he explicitly stated that he has a colorable claim of actual innocence. On appeal, Little contends he supported this claim with a legally and factually detailed basis in his motion and also used the form prescribed in Supreme Court Rule 183(e) (2019 Kan. S. Ct. R. 228) to do so. Additionally, Little argues that his motion provided details regarding how his codefendant admitted to being under the influence of narcotics and experienced sleep deprivation when she testified at trial. Little's motion stated that his counsel failed to check Kansas laws on putting an intoxicated witness on the stand. Little also argues his motion explained that his counsel was deficient in failing to impeach his codefendant's credibility. With respect to a detailed legal basis for his motion, Little contends that he provided caselaw to support his claims of trial errors and ineffective assistance of counsel.

However, "[a] K.S.A. 60-1507 movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Alford v. State*, 42 Kan. App. 2d 392, 399, 212 P.3d 250 (2009). Here, Little did not specify how the alleged errors impacted his right to a fair trial. More pointedly, Little did not provide details as to how a reasonable juror would not

8

have convicted him based on his defense counsel's failure to expand on the witness' use of narcotics. Rather, Little only made conclusory statements that his counsel was ineffective in failing to check the Kansas court rules pertaining to intoxicated witnesses. Little failed to provide any facts, details, or citations to the record to support a claim that his defense counsel did not adequately research the law or court rules. Further, Little did not cite to any Kansas court rules related to intoxicated witnesses nor did Little connect how any such rules affected the actual witness' testimony.

While there is a plethora of reasons why Little's motion must fail, it is clear that his motion is not timely. Little asserts no basis why his motion should be considered outside the statutory one-year time limit for filing. Furthermore, he does not assert a claim of actual innocence. This matter is resolved without the need for addressing any other of Little's claims. The district court did not err in summarily denying Little's motion.

Affirmed.

9