NOT DESIGNATED FOR PUBLICATION

No. 114,982

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY ALLEN HORN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed December 23, 2016. Affirmed.

*Jerry Allen Horn*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*:  Jerry Allen Horn, acting pro se, appeals from the denial of his K.S.A. 60-1507 motion. On appeal, Horn argues that the trial court erred by denying his K.S.A. 60-1507 motion for a variety of reasons. Based on these alleged errors, Horn requests that this court vacate his sentences, reverse his convictions, and dismiss his case with prejudice. Nevertheless, Horn's arguments lack merit. As discussed later, many of Horn's K.S.A. 60-1507 arguments were raised and rejected by this court in his previous appeal, *State v. Horn*, No. 108,733, 2013 WL 5925963 (Kan. App. 2013) (unpublished opinion), *rev. denied* 301 Kan. 1049 (2015) (*Horn II*). Therefore, those arguments are

1

barred under the doctrine of res judicata. Many of Horn's remaining arguments are also barred under the doctrine of res judicata because Horn could have raised the arguments in a prior appeal. Finally, many of Horn's arguments fail because they are conclusory and not supported by the record. As a result, we affirm the trial court's denial of Horn's K.S.A. 60-1507 motion.

In *Horn II*, this court described the underlying facts of Horn's case as follows:

"Horn was charged with three counts of aggravated sodomy, three counts of aggravated indecent liberties with a child, and one count of sexual exploitation of a child under age 18. He ultimately pled guilty as charged. Because the incidents arose out of Horn's close relationship with a 10-year-old boy and his family, the State filed a notice of intent to seek an upward durational departure sentence based on the aggravating factor of fiduciary relationship. A jury was impaneled and found the existence of a fiduciary relationship between the child and Horn. The district court doubled Horn's guidelines sentence on all counts except for the exploitation charge and ordered all counts to be served consecutively for a total prison term of 1,088 months. This was reduced to the statutory maximum of 468 months.

"Horn appealed his departure sentence to this court, which affirmed. *State v. Horn*, 40 Kan. App. 2d 687, 196 P.3d 379 (2008), *rev'd* 291 Kan. 1, 238 P.3d 238 (2010). The Supreme Court accepted review and held the sentencing statute at issue, K.S.A. 21-4718(b)(4), did not allow the district court to impanel a jury for the upward durational departure proceeding under the circumstances. Horn's sentence was vacated and the case remanded for resentencing without an upward durational departure. *State v. Horn*, 291 Kan. 1, 11-12, 238 P.3d 238 (2010). [*Horn I*].

"Before the district court held a sentencing hearing on remand, Horn filed a motion to withdraw plea and for a new preliminary hearing. The motion raised multiple claims centering on [his plea and trial] counsels' competence and a claim his pleas were not knowingly and voluntarily made. The district court conducted an evidentiary hearing spanning 3 days and received testimony from Horn and each of the three attorneys who collectively represented him—Scott Gyllenborg, Christina Dunn, and Michelle Durrett—

2

from the law firm of Gyllenborg & Dunn. The district court allowed the parties to submit briefs and set a later date for pronouncement.

"On July 9, 2012, the district court denied the motion to withdraw plea and for a new preliminary hearing, finding none of Horn's issues justified withdrawal of the plea. The same date, the court issued a lengthy memorandum decision and order." 2013 WL 5925963, at *1.

Before resentencing, Horn's attorney, Patrick Lewis, moved for both a durational and dispositional departure. The trial court denied both motions and sentenced Horn to a controlling sentence of 246 months' imprisonment. Although Horn has included the journal entry of his resentencing in the record on appeal, Horn has not included the transcript from his resentencing hearing in the record on appeal.

Horn then appealed the denial of his motion to withdraw pleas to this court. In his appeal, Horn made many allegations about Gyllenborg, Dunn, and Durrett (collectively referred to as "trial attorneys") providing ineffective assistance of counsel. Horn also argued that his guilty pleas were not knowingly and voluntarily made. The *Horn II* court affirmed the trial court's decision to deny Horn's motion to withdraw pleas. *Horn II*, 2013 WL 5925963, at *1. In affirming the trial court, the *Horn II* court rejected the following arguments made by Horn: (1) that his trial attorneys were ineffective; (2) that his trial attorneys misled him; (3) that his trial attorneys failed to discuss important aspects of his criminal case; (4) that his trial attorneys mishandled the motion to suppress his confession; (5) that his trial attorneys were not prepared for trial; (6) that his trial defense was hurt because he had been "farmed-out" to different out-of-county jails because of overcrowding before his pleas and trial; (7) that his charges in Count IV and Count VI were multiplicitous; (8) that the trial judge erred by not taking his guilty pleas in open court; and (9) that the trial judge failed to advise him about postrelease supervision before accepting his pleas. *Horn II*, 2013 WL 5925963, at *2-9.

Horn filed a petition for review with our Supreme Court. Our Supreme Court denied the petition for review. 301 Kan. 1049 (1995). The *Horn II* court's mandate was issued on February 20, 2015.

About a month later, on March 17, 2015, Horn moved for relief under K.S.A. 60-1507. Within this motion, Horn argued that his case must be dismissed with prejudice for the following reasons: (1) His Fourth Amendment rights were violated when the police unnecessarily delayed his first appearance after his warrantless arrest to obtain his confession; (2) his trial attorneys were ineffective; (3) his charges in Count IV and VI were multiplicitous; (4) his pretrial incarceration was oppressive; (5) his case was unfairly influenced by prosecutorial misconduct; (6) his guilty pleas were not knowingly made; (7) his Sixth Amendment right to a public trial was violated when he pled guilty in the jury room instead of in the courtroom; (8) his trial attorneys perjured themselves when they testified that he understood his pleas and his criminal proceedings at his motion to withdraw plea hearing; and (9) his attorney Lewis was ineffective. Horn also alleged that the trial judge at his motion to withdraw plea hearing erred in 10 other ways.

Upon Horn's request, the trial court appointed Horn a new attorney, Stacy Schlimmer. On May 27, 2015, Schlimmer appeared on behalf of Horn at a status conference hearing on Horn's K.S.A. 60-1507 motion. At this hearing, the trial court noted that it seemed Horn was repeating arguments from his motion to withdraw pleas. Schlimmer stated that based on her review of Horn's K.S.A. 60-1507 motion, she believed the trial court was correct. Then, the trial court told Schlimmer that it would like her to go through Horn's K.S.A. 60-1507 motion and determine if Horn was raising any new issues. Schlimmer offered to do this so long as the trial court granted her request for a few weeks to submit a brief on the matter. The trial court granted this request.

Next, Schlimmer sent Horn a letter explaining that K.S.A. 60-1507 motions cannot be used to relitigate issues already raised and decided by the court. Schlimmer told Horn

4

that she was in the process of going through his K.S.A. 60-1507 motion to see if he had raised any new issues. Then, Schlimmer told Horn that she was going to submit a brief to the trial court on her findings. Horn sent a letter to Schlimmer telling her not to file anything on his behalf because he did not want Schlimmer to "waive or modify any of [his] claims without [his] written permission."

On July 1, 2015, at another status conference hearing, Schlimmer stated that Horn was not raising any new issues. Schlimmer emphasized, however, that she did not want to waive any of Horn's arguments given Horn's letter. The trial court told Schlimmer that although she stated Horn was not raising any new issues, this did not mean that she waived Horn's right to appeal. Then, the trial court ordered Schlimmer to prepare a journal entry. In the final journal entry, the trial court stated that it was denying Horn's K.S.A. 60-1507 motion because the files and the records of his case conclusively showed that all of his arguments had been previously litigated.

Horn timely appealed.

*Did the Trial Court Err by Dismissing Horn's K.S.A. 60-1507 Motion?*

On appeal, Horn argues that the trial court erred by denying his K.S.A. 60-1507 motion because all of his arguments have merit. For each argument, Horn asserts that the appropriate relief is dismissal of his case with prejudice. In his appellant's brief, Horn does not truly address the trial court's finding that all of his K.S.A. 60-1507 arguments had been previously litigated. He asserts that he is raising new arguments without any further explanation. In his reply brief, however, Horn asserts that his arguments are not res judicata because res judicata does not apply when it would deprive a movant of meaningful review.

5

The State counters that most of Horn's arguments should fail on appeal because (1) his arguments have already been raised and therefore are barred under the doctrine of res judicata, or (2) his arguments have been waived by Horn's failure to raise them in a prior appeal and therefore are barred under the doctrine of res judicata. The State further contends that many of Horn's arguments are either conclusory or not supported by the evidence.

Despite Horn's assertion that this court must review his K.S.A. 60-1507 arguments because to do otherwise would deny him meaningful review, this is not the case. In short, this court has already considered most of Horn's K.S.A. 60-1507 arguments in *Horn II*, meaning this court has already given Horn meaningful review over these arguments. Because this court has already reviewed and rejected Horn's identical arguments in *Horn II*, Horn is barred by res judicata from repeating those arguments in his K.S.A. 60-1507 motion. As to Horn's remaining arguments, Horn might not have previously litigated these arguments, but they fail all the same. Horn's remaining arguments are either barred by res judicata because he could have previously raised them in his direct appeals, or are conclusory, or are not supported by the record. We begin our inquiry by considering our standard of review.

*Standard of Review*

When reviewing a K.S.A. 60-1507 motion, the trial court has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

6

requing a full hearing.' [Citations omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the trial court denied Horn's K.S.A. 60-1507 motion after appointing him counsel and holding two status conference hearings. The State asserts that the two status conference hearings constituted preliminary hearings, meaning the trial court followed the second option. Meanwhile, Horn asserts that the status conference hearings were not preliminary hearings, meaning the trial court summarily denied his K.S.A. 60-1507 motion under the first option.

In the past, our Supreme Court has explained that under option two, the trial court will appoint counsel and hold a hearing to determine if the movant's allegations are substantial enough to require an evidentiary hearing. *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007). If it appears no substantial issues based on the records and files in the case exists, then the trial court may deny the motion without an evidentiary hearing. *Bellamy*, 285 Kan. at 353. Given that the trial court appointed Horn counsel and held two hearings on his K.S.A. 60-1507 motion, it is readily apparent that the trial court followed the second option as opposed to the first option.

When reviewing a trial court's denial of a K.S.A. 60-1507 motion following a preliminary hearing, this court exercises de novo review because it has the same access to the motions, files, and records of the case as the trial court. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

*Applicable Law*

K.S.A. 60-1507 states:

7

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may. . . move the court which imposed the sentence to vacate, set aside or correct the sentence."

When movants file for relief under K.S.A. 60-1507, movants must provide an evidentiary basis in support of their arguments; conclusory allegations will not suffice. *Sola-Morales*, 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011].

Moreover, movants cannot use a K.S.A. 60-1507 motion as a second appeal. Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272) states:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Exceptional circumstances can include unusual events, changes in the law, and ineffective assistance of counsel. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Claims are barred as res judicata when the following four conditions exist: (1) same claims; (2) same parties; (3) claims that were actually raised or could have been raised in a prior proceeding; and (4) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015)."The doctrine of res judicata applies to a K.S.A. 60-1507 movant who attempts to raise issues which have previously been resolved by a final appellate court order in his or her criminal proceeding." *Woods v. State*, 52 Kan. App.

8

958, Syl. ¶ 1, 379 P.3d 1134 (2016). Furthermore, "when a criminal defendant files a direct appeal from his or her conviction and sentence, 'the judgment of the reviewing court is res judicata as to all issues actually raised; those issues that could have been presented, but were not presented, are deemed waived.'" *Woods*, 52 Kan. App. 2d at 965 (*quoting Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 12, 136 P.3d 390 [2006]).

*Preliminary Matters*

Before addressing each of Horn's arguments, it is first necessary to address a few preliminary issues. Specifically, it is important to address the relief Horn has requested.

*Relief Requested*

To begin with, Horn asserts that each of the alleged errors he complains about requires that this court dismiss his case with prejudice. Of course, to dismiss Horn's case with prejudice, this court would also need to vacate his sentences and reverse his convictions. In his brief, however, Horn never argues that he is actually innocent of his crimes. In fact, Horn has never proclaimed actual innocence. Upon his arrest, he voluntarily confessed to his crimes many times over to the police. Then, he pled guilty to all the crimes charged. Next, at his motion to withdraw plea hearing, he revealed that he never knew that engaging in sexual acts with a child would result in anything higher than a misdemeanor conviction before being charged in this case. Here, Horn's dispute centers on the criminal severity of engaging in sexual acts with a child. Thus, he is implicitly conceding that he actually engaged in the crimes for which he confessed to committing.

*Same Parties*

Next, the vast majority of Horn's arguments are barred by res judicata either because he previously raised the same argument or because he could have previously

9

raised the same argument. In determining if an issue is barred by res judicata, this court must consider whether Horn is raising the same claim *against the same party*. It is undisputed that the same parties—Horn and the State—have been involved throughout the duration of Horn's criminal case. Thus, as to all of the analysis concerning res judicata below, the same party element has been met.

*Exceptional Circumstances*

Last, although Supreme Court Rule 183(c)(3) states that defendants may raise constitutional challenges that should have been raised in a direct appeal under K.S.A. 60-1507 in exceptional circumstances, Horn has not asserted any exceptional circumstances apply to his case. Outside of noting the rule on exceptional circumstances, Horn makes no other reference to exceptional circumstances in his brief. As a result, Horn has abandoned any exceptional circumstances argument he may have had as to all of his arguments in this appeal. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (holding that an issue not briefed is deemed waived and abandoned). As a result, we will not consider the application of exceptional circumstances in our later analysis.

*Legality of Confession*

Turning focus to Horn's first argument, we note that Horn contends that his confession was obtained during a period where police unnecessarily delayed his first appearance following his warrantless arrest. Horn asserts that this violated the Fourth Amendment to the United States Constitution and K.S.A. 2015 Supp. 22-2901. Horn also asserts that his confession should have been excluded as fruit of the poisonous tree based on the unconstitutional and unnecessary delay. In making this argument, Horn relies heavily on the United States Supreme Court cases *Corley v. United States*, 556 U.S. 303, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009), *County of Riverside v. McLaughlin*, 500 U.S.

10

44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991), *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), and *Mallory v. United States*, 354 U.S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479 (1957).

The State counters that Horn already litigated this issue while attempting to withdraw his pleas. Consequently, the State argues that res judicata bars consideration of the issue. In his reply brief, Horn responds that this confession issue is different from the confession issue he previously raised because he never mentioned the Fourth Amendment.

Nevertheless, the State is correct. In his motion to withdraw plea, Horn asserted the following:

> "Failure to bring Mr. Horn before a magistrate without unnecessary delay was a violation of K.S.A. 2[2]-2901. This violation of the statute resulted in Mr. Horn's statements very much to his disadvantage being taken by Detective Rader. The failure of trial counsel to proceed with a motion to dismiss or suppress on these grounds amounted to ineffective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984), and Mr. Horn was prejudiced thereby and entered pleas which he would not otherwise have entered."

In his reply to the State's response to his motion to withdraw pleas, Horn reiterated that the police unnecessarily delayed his first appearance while citing to the United States Supreme Court's holdings in *Corley*, *County of Riverside*, *Gerstein*, and *Mallory*.

In denying Horn's motion to withdraw plea, the trial court found that Horn "ha[d] not established that bringing him before a magistrate less than 48-hours after his arrest was an 'unnecessary delay.'" The trial court further found that even if a delay existed, Horn failed to meet his burden in establishing that the delay resulted in a denial of due process. Finally, the trial court found that Horn failed to provide evidence in support of

11

his assertion that any delay resulted in his confession. Accordingly, the trial court concluded that his trial attorneys did not err by failing to move to suppress his confession based on the alleged unnecessary delay.

When Horn appealed to this court in *Horn II*, it seems Horn never challenged the trial court's finding regarding the unnecessary delay; therefore, the court never addressed this issue. Moreover, Horn has not included his *Horn II* appellant's brief on appeal. Consequently, from what is known, Horn did not challenge the trial court's finding. Therefore, the *Horn II* court did not disturb the trial court's finding. In turn, the trial court's finding regarding the unnecessary delay became final after Horn failed to challenge it in his appeal. See K.S.A. 2015 Supp. 22-3608(c) (which states that criminal defendants have 14 days to appeal the judgment of the trial court, meaning the trial court's unnecessary delay finding became final upon Horn's failure to challenge it in *Horn II*).

As a result, within the context of his motion to withdraw pleas, Horn argued that he was entitled to withdraw his pleas because his trial attorneys failed to make the unnecessary delay argument. Even though Horn lodged his complaint in the context of ineffective assistance of counsel, the trial court was required to consider whether the police actually unnecessarily delayed his first appearance. Accordingly, Horn is repeating an argument that he already raised and was denied on its merits. Thus, his argument concerning the alleged unnecessary delay is barred by res judicata.

In regards to Horn's assertion that this issue is different than the issue he previously raised because he never explicitly stated that the alleged delay violated his Fourth Amendment rights while attempting to withdraw his pleas, the fact that he never explicitly referenced the Fourth Amendment is irrelevant. As explained in the *Corley, County of Riverside,* and *Gerstein* cases, Horn has consistently relied on the right to have a probable cause finding, without unnecessary delay, following a warrantless arrest. He

12

maintains that this argument stems from the Fourth Amendment. In other words, the Fourth Amendment played an integral role in Horn's argument that he was entitled to withdraw pleas whether he referenced the Fourth Amendment or not.

Furthermore, it is worth mentioning that even if Horn had not already raised this argument, his argument would still be barred under the doctrine of res judicata. Clearly, the question whether the confession was obtained during an illegal detention is a trial issue. Because it is a trial issue, Horn should have raised it in a direct appeal, not a K.S.A. 60-1507 motion. See Supreme Court Rule 183(c)(3). Assuming Horn had not previously litigated this issue, his failure to raise the issue in a direct appeal would have resulted in waiver. See *Woods*, ___ Kan. App. 2d at ___, 2016 WL 4582171, at *4. Thus, no matter what, Horn could not successfully challenge the validity of his confession in this appeal.

*Incompetent Trial Attorneys*

Second, Horn argues that his trial attorneys were ineffective because they did not move to suppress his confession based on the argument that it was obtained while the police unnecessarily delayed his first appearance following his warrantless arrest. As explained in the preceding section, however, this issue was raised and addressed at length when Horn attempted to withdraw his pleas. Then, Horn never raised this particular argument in *Horn II*. Thus, the trial court's finding that Horn's trial attorneys were not ineffective for failing to move to suppress his confession based on the alleged unnecessary delay became final upon Horn's failure to raise the argument in his direct appeal. See K.S.A. 2015 Supp. 22-3608(c).

Consequently, Horn's argument about his trial attorneys being ineffective is barred by res judicata because this is the same claim, with the same parties, which he already raised and was rejected on the merits by the trial court. Moreover, as with his preceding unnecessary delay argument, assuming arguendo that Horn had not previously raised this

13

argument, his argument would still be barred by res judicata as he would have waived it by failing to raise it in *Horn II*. See *Woods*, 52 Kan. App. 2d at 965.

*Multiplicitous Counts*

Third, Horn complains that two of his three counts of aggravated criminal sodomy were multiplicitous. Horn correctly alleges that Counts IV and VI are identical. In the past, our Supreme Court has explained:

> "'Multiplicity is the charging of a single offense in several counts of a complaint or information. The reason multiplicity must be considered is that it creates the potential for multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and section 10 of the Kansas Constitution Bill of Rights.'" *State v. Patten*, 280 Kan. 385, 388, 122 P.3d 350 (2005), (quoting *State v. Robbins*, 272 Kan. 158, 171, 32 P.3d 171 [2001]).

Nevertheless, the State counters that Horn's multiplicity challenge is barred by res judicata because Horn previously raised this argument when attempting to withdraw his pleas. A review of Horn's motion to withdraw pleas establishes that the State is correct.

In his motion to withdraw pleas, Horn asserted that his trial attorneys were ineffective by not challenging Counts IV and VI as multiplicitous. The trial court rejected Horn's argument because although Counts IV and VI were worded identically, the "evidence support[ed] upwards of 30 separate instances between [Horn] and the victim, but only two of those instances were charged." Thus, the trial court concluded that "there [was] no doubt that Counts IV and VI [did] not arise from the same offense." Horn then raised his multiplicity argument on appeal in *Horn II*. The *Horn II* court held that evidence that Horn committed far more than two counts of aggravated criminal sodomy during the time frame stated in Counts IV and VI existed. 2013 WL 5925963, at *5. Accordingly, the *Horn II* court held that Count IV and VI were not multiplicitous;

14

therefore, his trial attorneys were not ineffective for failing to make the multiplicitous counts challenge. 2013 WL 5925963, at *5.

As a result, in rejecting that his trial attorneys were ineffective, both the trial court and this court determined that Counts IV and VI were not multiplicitous. Obviously, this means that Horn's argument is barred by res judicata as he previously raised the same claim, against the same party, which this court decided against him on the merits.

Additionally, even if Horn had not previously raised this argument, this court would still not be in a position to reach its merits. Again, arguments that could have been raised in direct appeals are deemed waived as to all later appeals under the doctrine of res judicata. See *Woods*, 52 Kan. App. 2d at 965. Any issue involving the question whether the State charged Horn with multiplicitous counts clearly could have been raised in Horn's direct appeals.

Last, it is worth reiterating that Count IV and Count VI are not multiplicitous because those charges, and ultimate convictions, did not arise out of the same conduct. See *State v. Pribble*, 304 Kan. 824, 826-28, 375 P.3d 966 (2016) (explaining that counts cannot be multiplicitous if they arise from separate conduct). Had Horn not pled guilty to all the charges, including Counts IV and VI, the State intended to present evidence of two separate commissions of aggravated criminal sodomy for those counts.

*Oppressive Pretrial Incarceration*

Fourth, Horn argues that he was subjected to oppressive pretrial incarceration. It seems Horn believes that his defense was damaged because he could not communicate with his trial attorneys as often as he wanted to because he was frequently placed in an out-of-county jail. Horn also alleges that being farmed out in this way caused him

15

anxiety. The State responds that Horn's argument must fail because is conclusory and barred by res judicata.

First, as the State asserts in its brief, Horn simply states that he was subjected to oppressive pretrial conditions that damaged his defense without providing any explanation how the pretrial conditions damaged his defense. He also never explains in what ways the oppressive pretrial conditions caused him anxiety. Movants must provide evidence in support of their argument and make more than conclusory statements in their K.S.A. 60-1507 motions to obtain relief. *Trotter v. State*, 288 Kan. 112, 131-32, 200 P.3d 1236 (2009). Horn has not met his burden in providing evidence; thus, he is not entitled to relief.

Moreover, Horn does not cite any authority supporting that oppressive pretrial incarceration conditions can result in a constitutional violation entitling him to relief under K.S.A. 60-1507. Failure to support an argument with authority is akin to failing to brief an issue. In turn, failing to brief an issue results in abandonment. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). Because Horn has not cited any authority supporting that he is entitled to relief under K.S.A. 60-1507, we determine that he has abandoned his argument.

Finally, even if his argument was not conclusory and was supported by authority, Horn previously raised this argument in his motion to withdraw pleas. The trial court rejected Horn's "oppressive pretrial incarceration damaged my defense" argument, explaining that the fact Horn was farmed out to out-of-county jails had no effect on his defense or his trial attorneys' representation. In *Horn II*, this court affirmed the trial court because no evidence suggested that being farmed out damaged Horn's defense. *Horn II*, 2013 WL 5925963, at *4. Consequently, before moving for relief under K.S.A. 60-1507, Horn had already asserted and this court had already rejected Horn's pretrial incarceration

16

argument on the merits. Thus, Horn's oppressive pretrial incarceration argument is barred by res judicata.

*Prosecutorial Misconduct*

Horn's fifth argument is difficult to follow, but it seems that Horn believes that Paul Morrison committed prosecutorial misconduct. Morrison was not the prosecutor assigned to Horn's case, but Morrison was the Johnson County district attorney when Horn's case was prosecuted. Morrison was also running for Kansas attorney general when Horn's case was prosecuted. Horn alleges that because Morrison was running for attorney general, he refused to give him a good plea deal for political reasons.

Nevertheless, as the State points out in its brief, Horn's assertion is just an assertion. Horn provides absolutely no evidence in support of his argument that Morrison engaged in prosecutorial misconduct. Conclusory allegations without more do not entitle K.S.A. 60-1507 movants to relief. See *Trotter*, 288 Kan. at 131-32. Additionally, a point raised incidentally in a brief and not argued therein is abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Thus, Horn's argument necessarily fails because it was both conclusory and not adequately briefed.

*Pleas Not Knowingly Made*

Sixth, Horn argues that his pleas were not knowingly made because he had not been informed "of what the plea connotes and the consequences of said guilty plea." However, other than asserting that he did not understand that he would be required to serve a term of postrelease supervision as part of his criminal sentence, Horn does not explain why his pleas were not knowingly made. This means that Horn's non-postrelease supervision related arguments as to why his pleas were not knowingly made have been abandoned. See *Superior Boiler Works, Inc.*, 292 Kan. at 889.

17

Additionally, in *Horn II*, while finding that Horn knowingly made his plea, this court reached the following conclusion about Horn's postrelease supervision argument:

"Horn next contends the district court did not comply with K.S.A. 2012 Supp. 22- 3210(a)(2) for several reasons. First, he contends the district court judge failed to inform him of the penalty he faced, specifically the postrelease supervision period . . . .

"Horn has failed to preserve his contention that the judge failed to inform him of the postrelease supervision period. Although in his brief filed in support of his motion to withdraw, Horn mentioned in one sentence the lack of information on postrelease supervision, he did not raise this argument in the motion to withdraw plea or with the district court during the hearing on the motion." 2013 WL 5925963, at *7.

Thus, the *Horn II* court determined that Horn failed to properly preserve the exact argument he now raises on appeal.

In the past, this court has held "defendant[s] cannot revive an abandoned point in a subsequent proceeding." *Woods*, 52 Kan. App. 2d at 966. It is readily apparent that this rule applies to Horn's current argument. Overall, Horn cannot revive an argument that he previously raised and abandoned by reasserting it in his K.S.A. 60-1507 motion. Because Horn failed to properly preserve this argument in *Horn II*, he waived this argument as to all later proceedings, including his ability to raise it in a K.S.A. 60-1507 motion.

*Pleas Not Made in Public*

Seventh, Horn argues that his right to a public trial under the Sixth Amendment to the United States Constitution was violated because he entered his guilty pleas in the jury room instead of in the courtroom. Horn contends that because his pleas were entered in the jury room, they were not entered in open court. In support of his argument, Horn discusses *State v. Barnes*, 45 Kan. App. 2d 608, 251 P.3d 96 (2011), a case where this

18

court held that the trial court committed reversible error by holding a defendant's trial in private. Then, Horn asserts that the fact he pled guilty in the jury room "was not harmless error."

A bit of background information is necessary to fully address this argument. Horn decided to plead guilty on the day his case was scheduled for trial. As a result, all of Horn's prospective jurors were sitting in the courtroom waiting for voir dire to begin. The decision was made to hold the plea hearing away from the jury to avoid any prejudice to Horn should Horn decide not to plead guilty in the middle of his hearing.

Upon remand from *Horn I*, Horn attacked the validity of his pleas, asserting that he did not enter them in open court. The trial court rejected the argument because in *Morris v. State*, 2 Kan. App. 2d 34, Syl. ¶ 5, 573 P.2d 1139 (1978), this court held that pleas entered in a judge's office while in the presence of the judge, prosecutor, defendant, defense counsel, and court reporter were pleas entered in open court for all intents and purposes. Furthermore, the trial court noted that Horn's pleas were taken in the jury room to avoid prejudicing the prospective jurors against Horn. The *Horn II* court affirmed the trial court, explaining:

> "Horn's plea was taken in the jury room instead of the courtroom in order to avoid prejudicing the prospective jurors who were gathering in the courtroom. The judge, prosecutor, defendant, defense counsel, and court reporter were in the room. Horn did not object to the location of the plea hearing. The trial court in this case made specific findings that no member of the public was excluded and that it was necessary to take the plea in the jury room in order to avoid prejudicing potential jurors sitting in the courtroom. *Horn's plea was taken in open court*." (Emphasis added.) 2013 WL 5925963, at *7.

19

Accordingly, this is the same argument, with the same parties, that Horn already raised, that the trial court already rejected on the merits, and that this court affirmed. As a result, res judicata bars Horn from repeating this argument in his K.S.A. 60-1507 motion.

*Supreme Court Erred in* Horn I

Eighth, Horn seems to make two arguments regarding our Supreme Court's decision in *State v. Horn*, 291 Kan. 1, 238 P.3d 238 (2010) (*Horn I*): (1) that our Supreme Court erred when it usurped the legislature's authority; and (2) that our Supreme Court should have allowed him to withdraw his guilty pleas because they were not knowingly made. Although the State fails to recognize this in its brief, Horn did not challenge our Supreme Court's holding in *Horn I* in his K.S.A. 60-1507 motion. Absent certain exceptions, which Horn has not invoked on appeal, issues not raised before the trial court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). By failing to raise this issue below, we refuse to address Horn's argument on appeal. Thus, Horn's argument that our Supreme Court erred in *Horn I* fails.

Additionally, as the State points out in its brief, this court is duty bound to follow our Supreme Court's precedent absent some indication that the Supreme Court is departing from its previous position. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016). No evidence supports that our Supreme Court is departing from its previous position. Moreover, if Horn had a problem with our Supreme Court's holding in *Horn I*, he should have raised this issue with the trial court upon remand from that case. By failing to do this, Horn forever waived his ability to challenge the *Horn I* decision as it is barred by res judicata. See *Woods v. State*, 52 Kan. App. 2d 958, 965, 379 P.3d 1134 (2016). Consequently, even if Horn's had argued that our Supreme Court erred in *Horn I* in his K.S.A. 60-1507 motion, his argument would still fail because (1) this court is duty bound to follow our Supreme Court's

precedent, and (2) he should have raised any complaints about *Horn I* upon remand from that decision.

Finally, it is important to note two things about Horn's arguments. First, but for our Supreme Court's alleged usurpation of legislative authority, Horn would be serving much more time in prison. In *Horn I*, our Supreme Court explained:

> "[I]f a defendant waives a trial jury by pleading guilty to the criminal offense and the district court has accepted the plea and the trial jury waiver, K.S.A. 21-4718(b)(4) directs that an upward durational departure sentence proceeding is to be conducted by the court, not a jury. However, if the defendant has not waived his or her right to a jury for the upward durational departure sentence proceeding, a court-conducted departure proceeding violates the constitutional mandates of *Apprendi* and *Gould*. A waiver of the trial jury, standing alone, does not effectively waive the defendant's right to have a jury for the upward durational departure sentence proceeding. We recognize that the result we reach today is *unlikely to be what the legislature would have intended to occur*. However, "'[n]o matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which the legislature alone can correct.'" [Citations omitted.]

> "Applying our holding to the case at hand, we find that the district court erred by impaneling a jury for Horn's upward duration departure sentence proceeding, following its acceptance of Horn's plea and trial jury waiver. However, Horn specifically declined to waive his right to a jury for the upward durational departure sentence proceeding, and, therefore, the district court was constitutionally precluded from following the statutory mandate for a court-conducted proceeding. Accordingly, Horn's [468-month] sentence is vacated, and the case is remanded for resentencing without an upward durational departure." (Emphasis added.) 291 Kan. at 11-12.

Then, as explained in the facts section of this opinion, upon remand, Horn was sentenced to only 246 months' imprisonment; thus, our Supreme Court's holding resulted in shaving 18 ½ years off Horn's prison sentence.

21

Second, our Supreme Court never held that Horn's pleas were not knowingly made. Instead, our Supreme Court made a limited finding that Horn's pleas were entered without the knowledge that he was also waiving his right to have a jury consider the upward durational departure. *Horn I*, 291 Kan. at 11. In fact, our Supreme Court even stated that "[b]efore accepting the plea, the district court *thoroughly examined* Horn's understanding of the implications of his plea change and determined that the plea was knowingly and voluntarily entered." (Emphasis added.) 291 Kan. at 2.

*Trial Attorneys' Testimonies at Motion to Withdraw Plea Hearing*

Ninth, Horn argues that his trial attorneys committed perjury at the motion to withdraw pleas hearing when they testified that he was knowledgeable and understood what was going on in his criminal case. The trial court denied this argument because it found that Horn had previously raised it. This is not accurate because Horn had not raised this argument before. Nevertheless, we affirm the trial court's decision to reject Horn's argument for the following reasons: (1) Horn's argument is conclusory, having absolutely no support outside his own assertions that his trial attorneys must have been lying because he is not a legal expert; and (2) Horn could have raised this argument in his *Horn II* appeal, meaning his argument has been waived under the doctrine of res judicata. Because the trial court reached the correct result, we affirm. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

*Various Errors by the Trial Court When Reviewing his Motion to Withdraw Plea*

Tenth, Horn lists a hodge-podge of alleged errors that he believes entitles him to relief. Specifically, Horn alleges that the trial court made the following errors while denying his motion to withdraw pleas: (1) It wrongly found that there was no unnecessary delay and that there was no evidence linking his confession to the unnecessary delay; (2) it wrongly ruled that Counts IV and VI were not multiplicitous; (3) it wrongly stated that

22

his pleas were entered in open court; (4) it wrongly concluded that he knew he could appear in person, as opposed to two-way video, for his first appearance; (5) it wrongly accepted his trial attorneys' testimonies that they were prepared for trial; (6) it wrongly accepted his trial attorneys' testimonies that they believed withdrawing his motion to suppress increased his chances for successful plea negotiations; (7) it took judicial notice of his trial attorneys' excellent reputations; (8) it quoted the wrong clause of K.S.A. 2015 Supp. 22-2901(1) in its order denying his motion; and (9) it used the wrong legal standard in reviewing his motion.

In regards to Horn's arguments in Issue 1—his confession being the result of unnecessary delay, Issue 2—Counts IV and VI being multiplicitous, and Issue 3—his pleas being entered in open court, as discussed in earlier sections of this memorandum, Horn had already raised those issues, and this court had already rejected those issues in *Horn II*. As a result, Issues 1, 2, and 3 are barred by res judicata.

In regards to Horn's arguments in Issue 4—wrongly ruling that he knew he could appear in person for his first appearance, Issue 5—accepting his trial attorneys' testimonies that they were prepared for trial, and Issue 6—accepting his trial attorneys' testimonies about withdrawing the motion to suppress to increase the chance of receiving a plea deal, all of these arguments are also barred by res judicata. In his motion to withdraw plea, Horn asserted that his trial attorneys were incompetent because they failed to tell him that he had a right to appear in person at his first appearance, that his trial attorneys were incompetent for withdrawing the motion to suppress, and that his trial attorneys were incompetent because they were not prepared for trial.

The trial court rejected all three of these arguments. Then, this court affirmed the trial court's rulings in *Horn II*, explaining:

23

"The district court ruled this did not show counsel was incompetent because the record lacked any evidence that Horn ever told anyone he was unable to see or hear the proceedings or that he was not timely told of his right to be personally present in the courtroom for the first appearance. Additionally, at the plea withdrawal hearing Dunn testified she was present and represented Horn at the first appearance. *Counsel provided effective assistance during Horn's first appearance.*

. . . .

"The district court ruled the decision to withdraw the motion to further plea negotiations was a 'tactical decision made with Defendant's consent because it had little chance of success.' Gyllenborg testified the assistant district attorney told him that if the motion was withdrawn, the State would consider a plea of around 10 years. . . . Horn agreed with their assessment; it was a mutual decision to withdraw the motion to suppress. *Counsel did not provide ineffective assistance regarding the withdrawal of the motion to suppress.*

. . . .

"The district court ruled counsel had prepared a defense strategy and kept Horn adequately appraised of that strategy and plea negotiations. Dunn testified about their efforts to bring in experts to evaluate Horn for a possible *mens rea* defense that Horn himself was urging. . . . Durrett testified she was in constant contact with him. Durrett further testified, while she was preparing for trial, she also prepared Horn for testifying if he decided to do so. Gyllenborg testified he was working on opening and closing arguments and Durrett was working on voir dire. Both Durrett and Dunn were working on the cross-examination of the child. In the end, the district attorney was unable to agree to any plea offer. Gyllenborg testified Horn wanted to plead; he did not want a trial. According to Gyllenborg, Horn was involved in every aspect of his case and paramount to Horn was his desire that the child not be put on the stand and avoidance of any trauma to the family from a trial. . . . *Counsel was prepared for trial, and Horn voluntarily entered guilty pleas without any deal from the State.*" (Emphasis added.) 2013 WL 5925963, at *3-6.

24

Consequently, Horn's Issues 4, 5, and 6 involve arguments that were already raised and rejected on the merits in a final determination. As a result, Horn is barred by res judicata from repeating these argument in his K.S.A. 60-1507 motion.

Finally, Horn's remaining arguments, Issue 7, Issue 8, and Issue 9, involve trial errors that he could have addressed in his *Horn II* appeal. For instance, if Horn felt that the trial court erred by taking judicial notice of his trial attorneys' reputations during the motion to withdraw pleas hearing, he should have complained about this in his appeal from that hearing. If Horn believed that the trial court misquoted K.S.A. 2015 Supp. 22-2901(1) or used the wrong legal standard in reviewing whether he could withdraw his pleas, Horn could have raised these issues in his *Horn II* appeal. Accordingly, Horn's arguments in Issues 7, 8, and 9 are barred by res judicata as Horn waived his ability to challenge these issues by failing to raise them in *Horn II*.

*Improper Sentence Upon Remand*

Eleventh, Horn argues that, *upon remand*, the trial court erred during his resentencing hearing. In his brief, Horn states:

> "On August 31, 2012, Mr. Horn was resentenced to 246 months, the maximum allowed by law. Although his sentence appeared to be within the maximum determined at the guilty Plea Hearing (246 months), the Court failed to take into account the postrelease supervision portion of the sentence. The record is silent concerning postrelease supervision, however the 246 months does not include it and the total sentence was actually 282 months, 36 months greater than the maximum sentence allowed at the Guilty Plea Hearing. This is a due process error since Mr. Horn was not notified of the consequences of any mandatory post-release supervision."

Thus, this argument is slightly different than his earlier argument regarding not understanding that he would have to serve postrelease supervision as part of his sentence

25

when he entered his guilty pleas. Regardless, Horn did not make this specific argument in his K.S.A. 60-1507 motion. As a result, Horn is raising it for the first time on appeal because this argument was not before the trial court. Because this court does not generally consider issues raised for the first time on appeal absent some exception, which Horn has not invoked, we determine that Horn's argument fails.

*Lewis' Representation*

Twelfth, Horn argues that Lewis was ineffective as his attorney upon remand from *Horn I* and on appeal in *Horn II*. Horn asserts that Lewis provided ineffective assistance of counsel because (1) he did not adequately address the unnecessary delay of his first appearance issue, (2) he did not present rebuttal evidence at his motion to withdraw pleas hearing, (3) he did not sequester witnesses at his motion to withdraw plea hearing, and (4) he did not adequately communicate with him throughout the duration of his representation. The State responds that Horn's arguments are conclusory and have been waived for failure to raise his arguments in *Horn II*.

Oddly, neither party addresses the fact that the trial court denied this argument, as it denied all of Horn's arguments, because it had been previously litigated. The trial court's ruling was clearly incorrect because before this K.S.A. 60-1507 motion, Horn never asserted that Lewis was incompetent. Yet, all things considered, we affirm because Horn's arguments are either conclusory or not supported by the record. See *Gannon*, 302 Kan. at 744.

*Applicable Law*

To establish ineffective assistance of counsel, defendants must show (1) that their attorney's representation was deficient under the totality of the circumstances, and (2) that they suffered prejudice as a result of their attorney's deficient representation. *Sola-*

26

*Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). To establish prejudice, defendants must show that the outcome of the proceeding would have been different but for their counsel's deficient performance. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). Also, this court must strongly presume that counsel's conduct fell within the broad range of reasonableness. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

*Arguments Not Waived*

Although the State argues that Horn waived any argument that Lewis failed to adequately raise the alleged unnecessary delay of Horn's first appearance argument by not raising it either in a motion to reconsider or in *Horn II*, this is not the case. *Horn II* was a direct appeal from the denial of Horn's motion to withdraw pleas and resentencing. Criminal defendants move for relief under K.S.A. 60-1507 only after exhausting their direct criminal appeals because it is a collateral attack on their conviction or sentence. K.S.A. 60-1507(a); see also *Beauclair v. State*, No. 112,556, 2016 WL 852859, at *2 (Kan. App. 2016) (explaining that criminal defendants may challenge their sentences under K.S.A. 60-1507 only after exhausting all appeals in their direct criminal cases). In fact, our Supreme Court has explained that claims of ineffective assistance of counsel are generally inappropriate in direct appeals because they should be resolved in an action for habeas corpus. *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012). Thus, Horn had no duty to argue that Lewis, who was still acting as Horn's attorney through the *Horn II* appeal, provided ineffective assistance of counsel before filing this K.S.A. 60-1507 motion.

*Unnecessary Delay of First Appearance*

Horn's first argument is that Lewis did not do a good enough job alleging unnecessary delay of his first appearance because "Lewis only said that the police's action was in violation of *McLaughlin*, without pointing out this [was] a constitutional violation." It seems Horn believes that Lewis may have precluded him from filing a federal habeas.

This argument was never addressed in the *Horn II* decision. Nevertheless, the State asserts that this court cannot reach the merits of Horn's argument because Horn failed to include Lewis' appellant's brief for *Horn II* in this case's record on appeal. Parties have the burden to designate a record showing that they are entitled to relief. *Friedman*, 296 Kan. at 644-45. Horn's failure to include Lewis' brief in the record on appeal precludes this court from making a determination that Lewis failed to raise this issue, which is necessary for Horn to prove ineffective assistance of counsel on appeal. Thus, Horn's argument must fail.

*Rebuttal Evidence*

Horn next argues that Lewis was ineffective for failing to present any rebuttal evidence after the State rested. Specifically, Horn asserts that Lewis should have called his trial attorneys, Gyllenborg, Dunn, and Durrett, as rebuttal witnesses because they perjured themselves many times while being questioned by the State. Yet, Horn's argument is conclusory. He assumes harm without explaining how his trial attorneys perjured themselves or what Lewis should have done to establish their perjury. To succeed, K.S.A. 60-1507 movants must make more than conclusory allegations. *Sola-Morales*, 300 Kan. at 881. Because Horn's argument is conclusory, we determine that it fails.

28

*Sequestering Witnesses*

Horn briefly mentions that he believes that Lewis should have requested that Gyllenborg, Dunn, and Durrett be sequestered during his plea withdrawal hearing. Nevertheless, Horn never explains how Lewis' failure to sequester Gyllenborg, Dunn, or Durrett constituted ineffective assistance of counsel or resulted in prejudice. Conclusory arguments without support are not enough to obtain relief under K.S.A. 60-1507. *Sola-Morales*, 300 Kan. at 881. Also, appellants abandon arguments they raise incidentally in their brief without explanation or argument. *Friedman*, 296 Kan. at 645. Here, by failing to explain how Lewis was ineffective and by failing to argue how Lewis' action resulted in prejudice, we determine that Horn's arguments are conclusory and they have been abandoned.

*Communication*

Last, Horn lists the dates Lewis communicated with him and then asserts that this was not enough communication. Yet, as with his previous argument, outside of briefly mentioning that Lewis never sent him the motions he intended to file on his behalf, Horn does not explain why Lewis' level of communication was inadequate. Moreover, Horn never explains how Lewis' alleged failures resulted in prejudice. Thus, this argument is conclusory and must fail. Additionally, in regards to the motions Lewis allegedly never sent Horn, Horn had no right to review or provide input on those motions. Attorneys have a duty to consult with their clients, keeping them apprised of their cases, but all strategic and tactical decisions belong to the attorney not to their clients. See *State v. Johnson*, 304 Kan. 924, 951, 376 P.3d 70 (2016).

29

*Complaints about Schlimmer*

Finally, it seems Horn takes issue with Schlimmer's representation of him as his K.S.A. 60-1507 counsel. Horn complains that Schlimmer was ineffective because she did not properly communicate with him regarding his K.S.A. 60-1507 motion. He also complains that she failed to adequately represent him given her admission to the trial court that all of his K.S.A. 60-1507 arguments had been previously litigated.

Horn is raising this argument for the first time on appeal. As noted already, appellate courts will not generally consider arguments for the first time on appeal. *Galaviz*, 296 Kan. at 192. In the context of ineffective assistance of counsel arguments, our Supreme court has stated: "Only under extraordinary circumstances, *i.e.*, where there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record, may an appellate court consider an ineffective assistance of counsel claim without a [trial] court determination of the issue. [Citation omitted.]" *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011). Thus, "when the quality of the assistance provided to a K.S.A. 60-1507 movant by counsel is determinable on the transcript of the nonevidentiary hearing included in the record on appeal, the appellate court is able to address this issue without remand to the trial court" for the first time on appeal. *Alford v. State*, 42 Kan. App. 2d 392, 394, 212 P.3d 250 (2009), *rev. denied* 290 Kan. 1092 (2010).

We will consider Horn's alleged ineffectiveness argument against Schlimmer. We are guided in this inquiry by the *Alford* decision. In that case, Alford moved for relief under K.S.A. 60-1507. The trial court appointed counsel and a nonevidentiary hearing was held. At the nonevidentiary hearing, counsel advocated against Alford and Alford's K.S.A. 60-1507 arguments. Alford challenged his 60-1507 counsel's performance for the first time on appeal. The *Alford* court noted that generally we do not look at ineffective assistance of counsel claims for the first time on appeal. Nevertheless, this court stated

30

that "when the quality of the assistance provided to a K.S.A. 60-1507 movant by counsel is determinable on the transcript of the nonevidentiary hearing included in the record on appeal, the appellate court is able to address this issue without remand to the trial court." 42 Kan. App. 2d at 394. Because the *Alford* court could determine the quality of assistance of counsel from the transcripts, the court considered the issue for the first time on appeal. The *Alford* court concluded that because Alford's attorney actively advocated against him, he clearly provided deficient performance. 42 Kan. App. 2d at 398-99.

The *Alford* court considered *Campbell v. State*, 34 Kan. App. 2d 8, 114 P.3d 162 (2005), and *Robertson v. State*, 288 Kan. 217, 201 P.3d 691 (2009), which reversed the *Campbell* decision. In both cases, our Supreme Court ruled that counsel was ineffective because they advocated against their clients. In *Campbell*, this court focused on whether counsel essentially directed an adverse decision from the trial court. The *Campbell* court concluded that counsel did so without looking into whether Campbell's 60-1507 claims had merit. Accordingly, the *Campbell* court reversed and remanded for a new hearing on the 60-1507 motion. 34 Kan. App. 2d at 14.

*Robertson* reversed *Campbell*, holding that appellate courts should not remand for a new hearing on the 60-1507 motion unless there was some evidence that the underlying 60-1507 motion had merit. In other words, *Robertson* held that remand was not necessary, even when counsel actively advocated against a client, when no prejudice could be established by counsel's deficient performance. 288 Kan. At 230-32.

The *Alford* court also considered *State v. Hemphill*, 286 Kan. 583, 595, 186 P.3d 777 (2008), a case where counsel advocated against his client at a motion to withdraw plea hearing. The *Hemphill* court determined that this was deficient performance, and there was prejudice within the abandonment itself. The *Alford* court considered whether the *Hemphill* or *Robertson* opinion would apply to Alford's case and eventually applied *Robertson* because it involved ineffective assistance of 60-1507 counsel as opposed to

31

*Hemphill*, which involved ineffective assistance of counsel concerning a motion to withdraw a plea. *Alford*, 42 Kan. App. 2d at 402-04,

Finally, the *Alford* court went through Alford's K.S.A. 60-1507 arguments. The *Alford* court determined that all of them failed because they were either conclusory, should have been raised in a prior appeal, legally meritless, or not supported by the record in the case. As a result, the *Alford* court ruled that Alford was not prejudiced despite the deficient performance of his counsel, and therefore, affirmed without remanding the matter to the trial court. 42 Kan. App. 2d at 403-04.

Turning our attention to Horn's arguments of ineffectiveness against Schlimmer, we reject Horn's arguments because he can never establish prejudice under the second prong of the ineffective assistance of counsel test. In short, each of Horn's K.S.A. 60-1507 arguments fail because (1) they are barred by res judicata, (2) they are conclusory and abandoned, or (3) they are not supported by the records and files of his case. Because each of Horn's previous arguments failed for reasons unrelated to the quality of Schlimmer's representation, he can never establish that the trial court would not have denied his K.S.A. 60-1507 motion but for Schlimmer's representation. As a result, Horn's argument that Schlimmer was ineffective fails.

Affirmed.